COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Huff, Judge Humphreys and Senior Judge Bumgardner
Argued at Salem, Virginia


WAYLON ALLEN COX
                                                              OPINION BY
v.        Record No. 1871-14-3                      CHIEF JUDGE GLEN A. HUFF
                                                              DECEMBER 1, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PULASKI COUNTY
Marcus H. Long, Jr., Judge

Zachary Lawrence MacDonald, Third Year Law Student (Jeffrey
H. Geiger; Sands Anderson, P.C., on briefs), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Waylon Allen Cox ("appellant") appeals an order of the Pulaski County Circuit Court

("trial court") revoking his previously suspended sentences for convictions obtained in 2004.

Following the revocation proceeding, the trial court revoked and resuspended the balance of

appellant's remaining sentences, with the exception of seven years and nine months, which

appellant was ordered to actively serve.   On appeal, appellant contends that the trial court

"violated [a]ppellant's constitutional due process right to confront his accusers by allowing

hearsay evidence" to be admitted, over his objection, through the probation officer's testimony

and the probation report.   For the following reasons, this Court reverses the trial court's ruling

and remands the case for further proceedings if the Commonwealth be so advised.

I.  BACKGROUND

On appeal, "we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial."

Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)).  So viewed, the evidence is as follows.

On September 15, 2014, appellant appeared before the trial court for a probation violation proceeding, which arose from alleged breaches of the terms of his suspended sentences which had been entered in 2004 for convictions of robbery and malicious wounding.  Appellant was charged with having violated his probation by failing to appear for his drug screening on February 19, 2014, by testing positive for cocaine on January 15, 2014, and on February 11, 2014, and by failing to pay court costs.

At the hearing, the Commonwealth called probation officer Dana Manns ("Manns") to testify as its sole witness.  During direct examination, she admitted she did not know appellant.  At the time of the alleged probation violations, appellant had been living in Bassett, Virginia, under the supervision of the Martinsville probation office.  Because appellant was originally convicted in Pulaski County, however, the probation revocation proceeding was heard in Pulaski County Circuit Court.  For the purposes of the hearing, Manns, a probation officer for Pulaski County Circuit Court, had been assigned to appellant's case.

Over appellant's objection, the Commonwealth offered into evidence Manns's testimony concerning the contents of the probation violation report she received from Thomas E. Bullock, Jr. ("Bullock"), the Martinsville probation officer who had been supervising appellant's probation.  Appellant objected to his lack of opportunity to cross-examine Bullock, who purportedly authored the report,[1] as to the allegations contained in the report and as to the

---

[1] The report was signed by Manns on behalf of Bullock.

validity of the January and February tests for cocaine. Specifically, appellant argued that the evidence, including the results of the drug tests, was testimonial hearsay and although not subject to Sixth Amendment protections, its admission would violate appellant's Fourteenth Amendment right to due process. In response, the Commonwealth argued that appellant had received the probation revocation report in February 2014, which gave appellant ample notice of the charges and evidence against him. As such, the Commonwealth submitted that under <u>Melendez-Diaz v. Massachusetts</u>, 557 U.S. 305 (2009), if appellant disputed the contents of the report, appellant should have objected in writing in advance of the probation hearing.[2] The trial court ruled in favor of the Commonwealth and allowed Manns to testify to the contents of the report. Specifically, the court reasoned "[w]ell this is a probation violation and this is very customary that the reports come from another jurisdiction and hearsay rules are greatly relaxed." The report itself was also admitted into evidence over appellant's objection.

This appeal followed.

## II. STANDARD OF REVIEW

"On appellate review, ordinarily, 'the determination of the admissibility of relevant evidence is within the sound discretion of the trial court subject to the test of abuse of that

---

[2] Although this argument is not raised on appeal, it is worth noting that the safeguards recognized in <u>Melendez-Diaz</u> for "notice-and-demand" statutes, such as Code § 19.2-187.1, are only applicable to the prosecutor's "intent to use an analyst's report as evidence at trial." 557 U.S. at 326. Although the statute applies to ballistics certificates, blood-alcohol analysis certificates, and drug analysis certificates, it has not been held to apply to probation violation reports. <u>Dunn v. Commonwealth</u>, 20 Va. App. 217, 220, 456 S.E.2d 135, 136 (1995) ("Code § 19.2-187 permits the Commonwealth to introduce into evidence at trial a certificate of analysis 'of a person performing an analysis or examination, performed in any laboratory operated by . . . the Division of Forensic Science.'").

discretion.'" Henderson v. Commonwealth, 285 Va. 318, 329, 736 S.E.2d 901, 907 (2013) (quoting Beck v. Commonwealth, 253 Va. 373, 384-85, 484 S.E.2d 898, 905 (1997)). A higher standard is applied, however, in the context of alleged violations of constitutional rights. "[W]hether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a de novo standard of review." Id. (citing Volkswagen of Am., Inc. v. Smit, 279 Va. 327, 335, 689 S.E.2d 679, 684 (2010)).

## III. ANALYSIS

On appeal, appellant contends that the trial court erred when it "allow[ed] hearsay evidence over the objection of [a]ppellant's counsel." Specifically, appellant argues the probation violation report is testimonial and its contents are therefore subject to his Fourteenth Amendment right to confrontation, unless good cause is shown. Appellant maintains that because the trial court failed to make a finding of good cause, this Court must conduct a *de novo* review of the record, and further contends that such a review will fail to substantiate the necessary finding of good cause.

In response, the Commonwealth argues that appellant's assignment of error has been waived under Rule 5A:18 because appellant either failed to sufficiently state his objection during the probation hearing or waived his objection on cross-examination. On the merits, the Commonwealth argues the report was admissible because of its reliability.

### A. Rule 5A:18

#### 1. Preservation of Objection

On the issue of preservation, the Commonwealth argues that "Henderson makes clear that a defendant must not only object on due process confrontation grounds *but when overruled, ask the trial court to state on the record the specific ground upon which the court has relied* for not allowing confrontation." Appellee's Br. at 11-12 (emphasis added). Because appellant only

- 4 -

objected to his lack of confrontation but did not further ask the court to state its grounds for overruling the objection, the Commonwealth contends appellant's objection was not preserved.

Appellant counters that the objection was preserved. Specifically, he contends that the purpose behind the rule requiring contemporaneous objection is "so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 189 (2010) (citing West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)). During the revocation hearing, appellant's counsel objected to the hearsay testimony proffered by the Commonwealth and elaborated,

> [The defendant] still has a right to cross examine, to due process right, and from the report we have, we have no idea about the – who did the test, what test was used, whether a chance – custody was maintained, you know, we just don't have any testimony here. . . . [W]hen he is up for revocation hearing and he has this much time hanging over his head, I submit that the Commonwealth's Attorney has an obligation to come forth with testimony that is subject to cross examination I would think.

Thereafter defense counsel specifically referenced the holdings of Henderson and Melendez-Diaz in support of appellant's right to confrontation.

On this record, we find that the trial court and counsel for the Commonwealth were adequately informed of the grounds for appellant's objections and the purpose of Rule 5A:18 was satisfied; therefore, the error assigned was sufficiently preserved at the revocation hearing. The Henderson Court made a distinction between objecting to a trial court's failure to state its findings and objecting to a lack of good cause. Henderson, 285 Va. at 325, 736 S.E.2d at 905. In Henderson, the Court first declined to address whether the trial court "had a duty to state for the record the specific 'good cause' it found" because this issue had not been properly preserved. Id.

Nonetheless, the Court went on to review the record to determine whether "good cause" did exist. Id. Accordingly, violating the limited right to confrontation afforded in revocation hearings was deemed distinct from failing to articulate the good cause basis for allowing hearsay evidence. In the case at bar, appellant has not assigned error to the trial court's failure to state its grounds for the record, but has assigned error to the violation of his right to confrontation.

Furthermore, Rule 5A:18 provides, in part, that in order to preserve an issue for appeal, "an objection [must be] stated with *reasonable certainty* at the time of the ruling." (Emphasis added).

> The purpose of Rule 5A:18 is to "enable the ruling court to take any necessary corrective action," Saunders v. Commonwealth, 38 Va. App. 192, 195, 562 S.E.2d 367, 369 (2002), and to "rule intelligently on the issues presented," Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

Johnson v. Commonwealth, 58 Va. App. 303, 314 n.2, 709 S.E.2d 175, 181 n.2 (2011). "[A] specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman, 241 Va. at 44, 400 S.E.2d at 167. Where both appellee and the trial court have been afforded that opportunity, the appellant has sufficiently preserved his objection for appeal. Id. Moreover, Code § 8.01-384 provides

> [f]ormal exceptions to rulings or orders of the court shall be unnecessary . . . . [I]t shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take *or his objections to the action of the court and his grounds therefor*.

(Emphasis added).

Appellant's objections at the hearing, asserting his right to confront the witness against him and contesting the validity of the written report, were sufficiently specific to give the trial court and the Commonwealth an opportunity to respond to the objection he raises on appeal. Appellant's references to Henderson as well as references to his right to cross-examine adverse

witnesses and his right to due process, stated, with reasonable certainty, the grounds supporting his objection at the time of the trial court's ruling. The Commonwealth and the trial court had ample opportunity to respond to these grounds and in fact did so. Accordingly, this Court finds appellant's assignment of error has been properly preserved.

## 2. Waiver of Objection

The Commonwealth alternatively asserts that even if appellant sufficiently preserved his objection, he subsequently waived his objection by eliciting testimony from Manns about the report. Specifically, the Commonwealth argues appellant assumed a position inconsistent with his hearsay objection by cross-examining Manns, establishing that the report stated appellant completed a treatment program and had been employed for a period during his probation.

"The rule is that where an accused unsuccessfully objects to evidence which he considers improper and then *on his own behalf introduces evidence of the same character*, he thereby waives his objection, and we cannot reverse for the alleged error." Saunders v. Commonwealth, 211 Va. 399, 401, 177 S.E.2d 637, 638 (1970) (emphasis added). The Court will not "notice error which has been invited by the party seeking to take advantage thereof on appeal." Id. at 400, 177 S.E.2d at 638. Nevertheless, Virginia courts

> have never held that *the mere cross-examination of a witness* or the introduction of rebuttal evidence, either or both, will constitute a waiver of an exception to testimony which has been duly taken. To constitute such a waiver the party objecting to the evidence must have *gone further and introduced on his own behalf testimony similar* to that to which the objection applies.

Culbertson v. Commonwealth, 137 Va. 752, 757, 119 S.E. 87, 88 (1923) (emphasis added).

In this case, the fact that appellant cross-examined Manns on the contents of the probation violation report does not constitute a waiver of appellant's objection to its character as hearsay and the lack of opportunity to confront the witness against him. Notably, the report was

introduced by the Commonwealth and not "invited by" the appellant; rather, the report was admitted over appellant's objection. Furthermore, appellant did not go "further and introduce[] on his own behalf" other similar hearsay testimony but was "merely cross-examining" the witness about the contents of the report. A reading of appellant's cross-examination reveals his purpose was to highlight the lack of Manns's personal knowledge—the very basis for appellant's original objection—by asking certain questions such as "And of course you have no knowledge about his work or where he was living or anything like that?" and "Do you know if it's an in-house program, or anything like that?" This Court, therefore, finds appellant did not waive his objection to the evidence by cross-examining Manns on the contents of the report.

### B. Fourteenth Amendment Due Process

On the merits, appellant claims that the trial court erred in admitting testimonial hearsay without making the requisite finding of good cause. The Commonwealth argues that although "[t]he record . . . lacks sufficient information for this Court to" analyze the reliability of the evidence or balance the interests of the Commonwealth and the appellant, the probation report was admissible due to its reliability.

The United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Therefore, although the full Sixth Amendment right to confrontation does not apply outside of a criminal trial, "a more limited right of confrontation [is] included in the Due Process Clause of the Fourteenth Amendment, applicable to parole and probation revocation proceedings." Henderson, 285 Va. at 325-26, 736 S.E.2d at 905. "Society . . . has an interest in not having parole revoked because of erroneous information or because of an erroneous evaluation of the need to revoke parole, given the breach of parole conditions." Morrissey v. Brewer, 408 U.S. 471, 484 (1972). "What is

needed is an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." Id.

Despite the frequent admission of hearsay in revocation hearings, "hearsay that is testimonial in nature . . . is subject to the limited confrontation right provided by the Fourteenth Amendment." Henderson, 285 Va. at 326, 736 S.E.2d at 905. In a probation revocation hearing, due process requires at a minimum:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) *the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)*; (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

Morrissey, 408 U.S. at 489 (emphasis added); see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973). In such hearings, "the trial court, when dispensing with the due process right of confrontation, should state for the record the specific grounds upon which the court has relied for 'not allowing confrontation.'" Id. at 326, 736 S.E.2d at 906. "Such hearsay may be admitted only when 'the hearing officer specifically finds good cause for not allowing confrontation.'" Id. at 326, 736 S.E.2d at 905 (citing Morrissey, 408 U.S at 489).

"Two tests have emerged for determining whether the denial of the right to confrontation . . . will comport with constitutional due process" to support a finding of good cause. Henderson, 285 Va. at 327, 736 S.E.2d at 906. The first is the "reliability test," in which the hearing officer may admit testimonial hearsay "if it possesses substantial guarantees of trustworthiness." Id. The second, the "balancing test," "requires the court to weigh the interests of the defendant in

cross-examining his accusers against the interests of the prosecution in denying confrontation." Id. at 327-28, 736 S.E.2d at 906. Either test may be used "as may be most appropriate in the circumstances." Id. at 328, 736 S.E.2d at 907.

In Henderson, the Supreme Court affirmed the trial court, finding there was good cause to admit the testimonial hearsay during the probation revocation proceeding. 285 Va. at 331, 736 S.E.2d at 908. Over the appellant's objection on confrontation grounds, the trial court permitted the sole witness for the Commonwealth, a detective who was not the appellant's probation officer, to testify to statements witnesses made to her regarding offenses appellant had committed that violated his probation terms. Id. at 322, 736 S.E.2d at 903. Notably, the trial court did not state a reason for overruling the appellant's objections. Id. at 324, 736 S.E.2d at 904. On appeal, the Supreme Court found that although the trial court did not specifically state a finding of good cause on the record, this finding could be inferred "simply from the fact that [appellant's] objections on hearsay and confrontation grounds were overruled." Id. at 326, 736 S.E.2d at 905. In effect, the trial court's silence "as to any ground upon which the court may have relied in finding good cause" allowed the Supreme Court to "make an independent review of the record to ascertain whether there was sufficient credible evidence before that court to support a finding of 'good cause for not allowing confrontation.'" Id. at 327, 736 S.E.2d at 906.

In this case, however, we cannot infer the trial court was relying upon good cause when it admitted the probation violation report. In contrast to the trial court's silence in Henderson, the trial court in this case stated its reason for overruling appellant's objection and admitting the report. Instead of "specifically find[ing] good cause," the court articulated that it was denying appellant's right to confrontation because "this is a probation violation and this is very customary that the reports come from another jurisdiction." This stated reason dispels any notion that the trial court made a ruling based upon "good cause." Neither was any basis shown in the record

for an implied finding that the report contained substantial guaranties of trustworthiness or a finding that the interests of the Commonwealth outweighed the rights of appellant. In fact, as the Commonwealth conceded on brief, "[t]he record does not contain a reliability or balancing analysis as discussed in Henderson . . . . The record contains no proffer and *lacks sufficient information for this Court to conduct such an analysis*."[3] Appellee's Br. at 14 (emphasis added). Therefore, the trial court erred when it admitted Manns's testimony and the probation violation report over appellant's objection without good cause. As reasoned by the United States Supreme Court in Melendez-Diaz, "[t]he Confrontation Clause—like those other constitutional provisions—is binding, and *we may not disregard it at our convenience*." 557 U.S. at 325 (emphasis added).

Having concluded that the evidence was admitted erroneously, this Court must now determine whether that error was harmless. Code § 8.01-678; Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926) ("[The harmless error statute] puts a limitation on the powers of this court to reverse the judgment of the trial court — a limitation which we must consider on every application for an appeal and on the hearing of every case submitted to our judgment."). Given that Manns's testimony and the probation report were the only evidence submitted against appellant, they necessarily "influenced the [factfinder]" in reaching its verdict. Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001). Therefore, the

---

[3] Although this Court is not bound by concessions of law made by either party, Wright v. Commonwealth, 278 Va. 754, 760 n.3, 685 S.E.2d 655, 658 n.3 (2009), this concession is worth noting considering the ultimate burden of proof for a probation violation, and consequently a showing of good cause for denying confrontation, remains with the Commonwealth, the party seeking judgment. See United Dentists, Inc. v. Commonwealth, 162 Va. 347, 355, 173 S.E. 508, 511 (1934) ("[H]e has the burden of proof who seeks to move the court to act in his favor."); Good v. Dyer, 137 Va. 114, 131, 119 S.E. 277, 281 (1923) ("The party who maintains the affirmative of an issue carries the burden of proof through the whole case.").

requirements of Code § 8.01-678, that appellant has had "a fair trial on the merits and [that] substantial justice has been reached," have not been satisfied. Accordingly, this Court finds the error was not harmless.

## IV. CONCLUSION

For the foregoing reasons, this Court reverses the ruling of the trial court because appellant's right to due process under the Fourteenth Amendment to the United States Constitution was violated, and remands for further proceedings if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

Humphreys, J., concurring.

I join entirely in the analysis and judgment of my colleagues in this case based upon our Supreme Court's decision in Henderson v. Commonwealth, 285 Va. 318, 736 S.E.2d 901 (2013). I certainly agree that the circuit court's articulation "that it was denying appellant's right to confrontation because 'this is a probation violation and this is very customary that the reports come from another jurisdiction . . . ,' dispels any notion that the [circuit] court made a ruling based upon whether 'good cause'" existed to deny the right of confrontation. Therefore, I agree that we must remand to the circuit court for a new hearing, and, if necessary, a determination of [whether] "good cause" exists to deny Cox's right to confront the accusing probation officer.

The Supreme Court of the United States has yet to review either the "reliability test" or the "balancing test" used in the Commonwealth to determine whether "good cause" exists. I write separately to reiterate my position that a reliability test to establish "good cause" for denying the right of confrontation in a probation violation hearing is constitutionally problematic in the wake of Crawford v. Washington, 541 U.S. 36 (2004), and its progeny, and that the courts of the Commonwealth should adopt a test that is more consistent with the current jurisprudence of the Confrontation Clause of the Sixth Amendment to determine when "good cause" exists for excusing the prosecution from producing probation violation witnesses for cross-examination.[4]

---

[4] Under the balancing test,

> [t]he weight to be given the right to confrontation in a particular case depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence. . . . [T]he more significant particular evidence is to a finding, the more important it is that the [probationer] be given an opportunity to demonstrate that the proffered evidence does not reflect "verified fact."

- 13 -

See Henderson v. Commonwealth, 59 Va. App. 641, 668, 722 S.E.2d 275, 289 (2012) (Humphreys, J., dissenting), aff'd, 285 Va. 318, 736 S.E.2d 901 (2013). I recognize that our Supreme Court in Henderson has permitted the use of either test in establishing whether "good cause" exists for denying the due process right to confront an accuser in a probation revocation hearing. While I acknowledge that Henderson is binding on us in this case, I remain convinced that Henderson was wrongly decided to the extent that reliability has any remaining application to the issue of confrontation in light of the Supreme Court's overruling of Ohio v. Roberts, 448 U.S. 56 (1980), and its progeny, such as Lilly v. Virginia, 527 U.S. 116, 134 (1999), by Crawford.

I realize that Crawford focuses on the Sixth Amendment right to confrontation. "Nevertheless, the Fourteenth Amendment's due process protections include a right to confrontation in revocation hearings that the courts of the Commonwealth must protect and we should provide some direction to the circuit courts of the methodology for doing so." Henderson, 59 Va. App. at 680-81, 722 S.E.2d at 295 (Humphreys, J., dissenting); see Morrissey v. Brewer, 408 U.S. 471, 480 (1972). In Crawford and the several Sixth Amendment cases that followed it, the Supreme Court clearly and emphatically shifted away from using reliability as a factor in any Sixth Amendment Confrontation Clause analysis. In my view, the Supreme Court of the United States could not be clearer when it wrote,

> [a]dmitting statements deemed reliable by a judge is *fundamentally at odds* with the right of confrontation. To be sure, the Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. *It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.*

_____

Henderson v. Commonwealth, 59 Va. App. 641, 678, 722 S.E.2d 275, 294 (2012) (Humphreys, J., dissenting) (internal quotations omitted).

> The Clause thus reflects a judgment, not only about the desirability
> of reliable evidence (a point on which there could be little dissent),
> but about how reliability can best be determined.

Crawford, 541 U.S. at 61 (emphasis added).

Thus, if "reliability" no longer has any place in a Sixth Amendment Confrontation Clause inquiry, I continue to fail to see how it could retain any vitality in its separate and diluted due process guise. See Henderson, 59 Va. App. at 681, 722 S.E.2d at 295 (Humphreys, J., dissenting).