UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Beales and AtLee
Argued at Richmond, Virginia


RASHID HAKIM HOLMAN

                                      MEMORANDUM OPINION* BY
v.       Record No. 1919-16-2          JUDGE RICHARD Y. ATLEE, JR.
                                            APRIL 17, 2018

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Gregory L. Rupe, Judge

Lauren P. Whitley, Deputy Public Defender, for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a bench trial, a judge of the Circuit Court of the City of Richmond ("trial

court") found appellant Rashid Hakim Holman guilty of violating his probation.  It revoked his

suspended sentences, and reimposed three years, with all but nine months suspended.  On appeal,

Holman argues the trial court erred in:  (1) considering facts from a previous criminal proceeding

where no facts from that case were introduced in his probation revocation hearing; and

(2) admitting hearsay statements from a probation violation report, violating Holman's right to

confrontation.  For the following reasons, we affirm.

I. BACKGROUND

"[W]e view the evidence, and all inferences reasonably drawn from it, in the light most

favorable to the Commonwealth.  'It is our duty to affirm the trial court's judgment unless that

judgment is plainly wrong or without evidence to support it.'"  Reid v. Commonwealth, 65

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 745, 753, 781 S.E.2d 373, 377 (2016) (citation omitted) (quoting Muhammad v. Commonwealth, 269 Va. 451, 536, 619 S.E.2d 16, 65 (2005)). So viewed, the evidence is as follows:

In 2014, Holman was convicted of statutory burglary and possession of marijuana. He received a sentence of ten years and twelve months in prison, with nine years and ten months suspended. Later that year, he was convicted of domestic assault and battery, third offense, and was sentenced to five years in prison, with four years suspended. He was placed on supervised probation for all offenses. In 2016, Holman was charged with grand larceny. The trial court issued a capias, alleging that this new charge violated the good behavior condition of Holman's suspended sentence.[1] Holman's probation officer filed a probation violation report with the trial court. The report detailed several violations of the conditions of Holman's supervised probation, including Holman's new felony charge, failing to report his April 2016 arrest for that crime within three days to his probation officer, missing a scheduled visit with his probation officer in August 2016, and his failure to request and obtain permission to change his residence four times between October 2015 and September 2016.

The revocation hearing, as well as the trial for the new larceny charge, were set for the same day in October 2016. At the conclusion of the larceny trial, the trial court found Holman not guilty of that offense. The judge noted that he was "95 percent sure" of Holman's guilt, but acquitted Holman on the new larceny charge because he was not sure the evidence proved guilt beyond a reasonable doubt. He explained: "There's enough of slight inconsistencies to create some pause on my part. I don't want you thinking you're not guilty. I think you're guilty, but not enough to feel comfortable to find you guilty beyond a reasonable doubt."

---

[1] The probation violation report cited Holman's violation of his statutory burglary and marijuana convictions, but the capias only references the domestic assault and battery conviction.

- 2 -

The trial court then turned to the revocation matter. Holman requested a continuance because he contested the allegations in the probation violation report, and the probation officer was not available to testify. The trial court granted the request and re-scheduled the revocation hearing for the following month. Although the trial judge agreed to continue the revocation hearing to secure the presence of the probation officer, he expressed some skepticism as to why it was necessary, observing: "You[] guys aren't following. Revocation proceeding, hearsay of every kind is admissible." He also told defense counsel, "I hope you realize and explained to your client that I'm certainly going to consider what I heard in this thing in the course of this revocation."

When the parties returned for the revocation hearing, Holman's probation officer, Hunter Reed, testified. Reed took over Holman's supervision in July 2016. He authored the major violation report; however, he relied on another probation officer's case notes for events that took place prior to July 2016, as he only had direct knowledge of events that took place after he assumed supervision. At the conclusion of Reed's testimony, defense counsel objected to "anything in the probation violation [report], confrontation clause, that Mr. Reed doesn't have personal knowledge of." The trial court responded, "Denied. I'm admitting it. It is hearsay. It is admissible." The following exchange took place between defense counsel and the trial court:

> [DEFENSE COUNSEL]: Your Honor, I'm not saying that the hearsay—
>
> THE COURT: I understand.
>
> [DEFENSE COUNSEL]: Thank you, Your Honor.
>
> THE COURT: Maybe one of these days you will get the folks up the food chain to buy that argument. Right now, I don't think it is valid.
>
> [DEFENSE COUNSEL]: Your Honor, I think under Henderson, there is a limited right to confrontation cause [sic].

THE COURT: Yes, sir.

[DEFENSE COUNSEL]: Mr. Holman is exercising [his] right to confrontational [sic] clause. The probation officer that supervised him for most of the time in the violation report.

THE COURT: Like I said, I'm not buying it.

At the conclusion of the revocation hearing, the trial court found:

Well, Mr. Holman, the violation reports, in my estimation, are simply enough to revoke the suspended sentences that you have.

Your position is that it was the probation officer's fault. Put it to you bluntly, if I had 15 years and 10 months hanging over my head, I'd be calling in every day just to make sure everything was squared away and they knew exactly where I was. This place, that place, or some other place, not reporting any arrest right away. That's Number One.

The other thing is, I tried the other case, and I remember it. I wrote down then and I'm re-stamping it again on the guidelines I have here. The defendant was tried before this [c]ourt on new grand larceny from the person. This [c]ourt was 95 percent sure of the defendant's guilt. Had enough doubt not to be beyond a reasonable doubt for a conviction.

This case alone was enough to revoke you. The violation report was enough to revoke the suspended sentence. That's what I felt then. That's what I feel now. In fact, I feel more convinced that that is the correct position.

The trial court revoked Holman's suspended sentences, and reimposed three years in the penitentiary, with all but nine months suspended.

## II. ANALYSIS

### A. *Evidence from Previous Trial*

We first address Holman's argument that the trial court erred in considering the facts from his grand larceny trial during the revocation proceeding without specifying the exact evidence it relied upon when deciding to revoke his suspended sentences. Rule 5A:18 reads, in relevant part: "No ruling of the trial court . . . will be considered as a basis for reversal unless an

- 4 -

objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Holman concedes that he failed to preserve this issue for appellate review, but relies on the ends of justice exception to Rule 5A:18. "Application of the ends of justice exception is appropriate when the judgment of the trial court was error and application of the exception is necessary to avoid a grave injustice or the denial of essential rights." Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005). The ends of justice exception, however, "is narrow and is to be used sparingly." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 609 (2004) (*en banc*) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997)).

Holman argues the ends of justice exception applies because he "had no notice of what specific evidence was used against him, or that the evidence of this trial where he was acquitted would be the basis the trial court would rely heavily upon to revoke his suspended sentence." He relies upon Hess v. Commonwealth, 17 Va. App. 738, 441 S.E.2d 29 (1994), in which this Court held that a trial court may revoke probation based upon evidence from an earlier prosecution over which the same judge presided, but must "stat[e] for or mak[e] part of the record the specific evidence upon which he relied." Id. at 739-40, 441 S.E.2d at 30. Hess is distinct from this case, however, because — unlike Holman — Hess timely objected at trial, and thus did not need to satisfy the exacting requirements of the "ends of justice" exception.

Holman fails to demonstrate how the trial court's failure to recite specific evidence amounts to a "grave injustice or the denial of essential rights." First, Holman had ample notice that his grand larceny charge would be material to the revocation proceeding, as it was included in the major violation report, which Holman possessed in advance of the scheduled hearings. In addition, the revocation hearing was initially scheduled to take place immediately after the grand larceny trial, before the same judge. It did not occur at that time only because Holman requested

- 5 -

a continuance. Holman also had specific notice that the judge planned to consider the evidence from the grand larceny case in the revocation proceeding. After Holman requested a continuance upon his acquittal for the grand larceny charge, the trial court told counsel: "I hope you realize and explained to your client that I'm certainly going to consider what I heard in this thing in the course of this revocation." Finally, even if the trial court failed to specify what particular facts from the larceny trial were most salient to his decision to revoke, it nonetheless expressly stated that it was "95 percent sure of the defendant's guilt" in the grand larceny case, and found that this charge "alone was enough to revoke." In light of this, we cannot say a grave injustice occurred or that Holman was denied his essential rights; as such, the ends of justice exception does not apply.

## B. *Confrontation*

Holman's second argument is that the trial court erred by failing to make a "good cause" finding regarding the admission of hearsay in the probation violation report, thus violating Holman's right to confrontation in violation of the Fourteenth Amendment of the United States Constitution. Henderson v. Commonwealth, 285 Va. 318, 326, 736 S.E.2d 901, 905 (2013) (holding that testimonial hearsay is subject to the limited confrontation right provided by the Fourteenth Amendment to probationers in revocation proceedings). Generally, we review a trial court's decision to admit hearsay evidence for an abuse of discretion. Id. at 329, 736 S.E.2d at 907. Whether admitting that evidence violated a defendant's due process rights is a question of law, reviewed *de novo*. Id. Here, however, we assume without deciding that the trial court erred in admitting the hearsay portions of the report,[2] and conclude that such error was harmless.

---

[2] The Commonwealth argues that the alleged hearsay in the report was not, in fact, testimonial in nature. In assuming without deciding the trial court erred, we also assume without deciding the challenged portions of the report were testimonial hearsay. We elect to do so because of the trial court's troubling assertions that in a revocation proceeding, "hearsay of every

"It is well established that violations of the Confrontation Clause . . . are subject to harmless error review." Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77 (2006) (*en banc*) (quoting United States v. McClain, 377 F.3d 219, 222 (2d Cir. 2004)). Because Holman asserts a violation of his constitutional rights, the error must be harmless beyond a reasonable doubt. Crawford v. Commonwealth, 281 Va. 84, 101, 704 S.E.2d 107, 117 (2011). "This standard requires a determination of 'whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.'" Lilly v. Commonwealth, 258 Va. 548, 551, 523 S.E.2d 208, 209 (1999) (quoting Chapman v. California, 386 U.S. 18, 23 (1967)). Harmless error review "puts a limitation on the powers of this [C]ourt to reverse the judgment of the trial court — a limitation which we must consider on every application for an appeal and on the hearing of every case submitted to our judgment." Cox v. Commonwealth, 65 Va. App. 506, 521, 779 S.E.2d 199, 206 (2015) (quoting Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926)).

Here, Holman objected only to those portions of the report that occurred prior to Reed's assuming his supervision — *i.e.*, Holman's failure to report his grand larceny arrest within the

---

kind is admissible." This is an overly broad, and thus incorrect, statement of the law. Although hearsay rules are relaxed in a probation revocation proceeding, a probationer nonetheless retains a limited due process right to confrontation. A judge must find good cause to admit testimonial hearsay, expressly considering whether the proffered evidence is reliable, or weighing the respective interests of the defendant and the prosecution. Henderson, 285 Va. at 326-28, 736 S.E.2d at 905-06; see also Cox v. Commonwealth, 65 Va. App. 506, 519, 779 S.E.2d 199, 205 (2015); Saunders v. Commonwealth, 62 Va. App. 793, 808-09, 753 S.E.2d 602, 609-10 (2014).

Here, the trial court failed to conduct a "good cause" analysis before admitting the report over Holman's objection. In light of the trial court's repeated statements that all hearsay is admissible in a revocation proceeding, we cannot infer that such an analysis is implicit in the record.

specified timeframe, and his October 2015 failure to report a change in residence.[3]  Considering

the trial court's emphasis on Holman's other violations, as well as the corroborating evidence of

those offenses, we find that the trial court, even setting aside the hearsay issues in controversy,

had ample grounds upon which to revoke Holman's suspended sentences.  First, Holman never

challenged that he failed to report the arrest within the three-day window required by the terms

of his probation.  Second, the October 2015 violation was just one of four similar instances in

which Holman either failed to report his current residence or failed to seek advance permission

to move.  The other three took place during Reed's tenure as Holman's probation officer.[4]

Finally, the trial court's statements evince that it would have revoked Holman's sentences

independent of these two violations.  In revocation proceedings, "proof beyond a reasonable

doubt is not required."  Marshall v. Commonwealth, 202 Va. 217, 221, 116 S.E.2d 270, 274

(1960) (citing Slayton v. Commonwealth, 185 Va. 357, 366, 38 S.E.2d 479, 483 (1946)).  Code

§ 19.2-306 sets forth the burden of proof in revocation proceedings, stating that a court may

revoke the suspension of a sentence "for any cause the court deems sufficient" and that

---

[3] The violation report describes this offense as follows:

> On October 7, 2015, Holman reported to be living with his mother
> at [address redacted] in Richmond City, Virginia.
> On October 21, 2015, a home contact was attempted at Holman's
> reported residence.  Holman's mother was at the residence and she
> stated that Holman had not been living at the residence and that she
> did not know where Holman was living.  Holman's mother stated
> that Holman had instructed her to tell the probation officer that he
> was living at the residence.
> Holman did not seek permission to, nor did he report this change
> of residence to his probation officer until October 27, 2015, after
> his probation officer had discovered that Holman had intentionally
> mislead [sic] his probation officer in reporting this residence.

[4] Also, unlike in other cases, e.g. Cox, 65 Va. App. at 512 & n.1, 779 S.E.2d at 201 &
n.1; Henderson, 285 Va. at 322, 736 S.E.2d at 903, Reed not only had personal knowledge of
many of the reported violations, but he in fact authored the major violation report, and was
Holman's probation officer at the time of the revocation hearing.

revocation is proper if the court "finds good cause to believe that the defendant has violated the terms of suspension."

Here, the trial court was "95 percent sure of [Holman's] guilt" in the grand larceny case, and found that this charge "alone was enough to revoke." Even though the trial court did not find Holman guilty of grand larceny beyond a reasonable doubt, the level of certainty the court expressed satisfies the standard of proof in a revocation proceeding. Most importantly, it demonstrates that the trial court required no additional violations to find revocation appropriate. In light of this, any violation of Holman's confrontation rights resulting from the admission of the report was harmless beyond a reasonable doubt. See Brant v. Commonwealth, 32 Va. App. 268, 278-79, 527 S.E.2d 476, 481 (2000).

### III. CONCLUSION

Holman failed to preserve his objection to the trial court considering facts from the grand larceny trial at the revocation proceeding, and the ends of justice exception does not apply; therefore, he has waived this argument under Rule 5A:18. Assuming without deciding that the trial court erred in admitting portions of the violation report, such error was harmless.

Affirmed.