COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Beales, Huff and O'Brien
Argued by videoconference


ERIC L. TURNER

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1867-19-1              JUDGE MARY GRACE O'BRIEN
                                                         DECEMBER 8, 2020
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

W. McMillan Powers, Assistant Public Defender, for appellant.

Maureen E. Mshar, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


        Eric L. Turner ("appellant") appeals a violation of probation conviction that resulted in two

years of his previously suspended sentence being imposed.  He contends that the court erred in

admitting testimony from a probation officer, Richard Soriano, who neither supervised him nor

authored his violation report.  Specifically, appellant asserts three assignments of error:

        1.  The [court] erred in overruling [appellant's] objection to
        Soriano's testimony because that testimony was in violation of
        [appellant's] Sixth Amendment right to confront and cross[-]examine
        the probation officer who supervised him.

        2.  The [court] erred in failing to state for the record the grounds
        upon which the court relied for not allowing confrontation.

        3.  The [court] erred in overruling [appellant's] objection to
        Soriano's testimony on the ground that it was impermissible hearsay.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On August 10, 2015, appellant was convicted of attempted abduction in Portsmouth Circuit Court. The court sentenced him to five years of incarceration with two years suspended, conditioned on him successfully completing five years of supervised probation upon release. Appellant began probation July 3, 2018 and was supervised by the Chesapeake probation office.

Brian M. DeRosa, appellant's probation officer in Chesapeake, filed a major violation report on April 15, 2019. The report alleged that appellant had acquired an assault charge in Ohio and had violated conditions of his probation by leaving Virginia without permission and failing to maintain contact with the probation officer. According to DeRosa's report, appellant "was released from . . . custody [for the Ohio assault charge] on 2/04/19. [Appellant] has failed to contact [DeRosa,] and his whereabouts are not known."

The court held a probation violation hearing on July 29, 2019. At the beginning of the hearing, the Commonwealth advised the court that DeRosa no longer worked in the Chesapeake probation office and asked for a finding of "good cause to allow . . . the testimony of a substitute probation officer" from Chesapeake. The Commonwealth also requested a recess for either the substitute Chesapeake probation officer or a local Portsmouth probation officer, neither of whom had met appellant, "to speak to [appellant] and have him identify himself [in order to] prove that [identification] information appropriately on the record." Appellant objected. The court declined to recess but granted the Commonwealth a continuance "to do all of that."

The hearing resumed on November 13, 2019. Richard Soriano, a senior probation officer from Chesapeake, identified appellant based on a photo in the probation file and testified that although he never personally had contact with appellant, his office did. Appellant initially objected on hearsay grounds because Soriano "identified [appellant] from a picture based off of something that's attached in a program" and did not have "any personal knowledge" of him.

- 2 -

In response to the hearsay objection, the court questioned Soriano about DeRosa, appellant's original probation officer: "[I]sn't the person who supervised him no longer with the department? You have your records . . . the files and everything?" Soriano answered yes to both questions, and the court directed the prosecutor to "[g]o ahead."

Appellant again objected, stating, "Judge, based off those questions, I would have an objection under Cox v. Commonwealth, [65 Va. App. 506 (2015)]. . . . [T]he original probation officer is not here, [and appellant] does have a right to confront and cross-examine that probation officer[.]" The court responded, "I'm very familiar with the case, [c]ounsel. Overruled; go ahead. He's no longer employed with you at all?" Soriano answered, "Yes, sir. . . . I have no idea where he's at." The court then stated, "You may proceed."

Soriano identified a document appellant signed that listed the probation conditions. He testified that the conditions are explained to probationers when they sign the form. The document contained appellant's Department of Corrections identification number and the indictment number for his underlying conviction. Before admitting the document into evidence, the court noted that appellant's "objection is continuing."

Soriano testified from the violation report about appellant's specific violations of the probation conditions. He also stated that, according to notes in the probation file, appellant's last contact with the office was on January 7, 2019. Soriano testified that he had confirmed that the Ohio charge remained pending as of the date of the probation hearing. Specifically, in response to the Commonwealth's inquiry concerning "any information that [appellant] was convicted of [the Ohio] charge," Soriano stated that the assault charge was "still out. There is no disposition. It's still on."

Appellant, who did not cross-examine Soriano or offer any evidence on his own behalf, moved to dismiss the violation. He argued that Soriano never identified him in court and the

Commonwealth did not prove that he was the person arrested in Ohio.[1] The court denied the motion and noted that the DOC and indictment numbers listed on the probation conditions were also on the violation report. The court found appellant in violation of his probation and imposed the previously-suspended two-year sentence.

ANALYSIS

1. Confrontation right at a probation violation hearing

Appellant contends the court erred by allowing Soriano to testify "because that testimony was in violation of [appellant's] Sixth Amendment right to confront and cross[-]examine the probation officer who supervised him." Rule 5A:12 requires dismissal of this assignment of error, however, because the court never ruled on any Sixth Amendment challenge to Soriano's testimony.

Rule 5A:12 provides that "[a]n assignment of error which does not address the rulings . . . on issues in the trial court . . . is not sufficient. If the assignments of error are insufficient, the petition for appeal shall be dismissed." Rule 5A:12(c)(1)(ii). Although Rule 5A:12 governs petitions for appeal, it still applies where a defect is not detected until the merits stage of an appeal. See Coleman v. Commonwealth, 60 Va. App. 618, 620-21 (2012). Additionally, unlike Rule 5A:18, Rule 5A:12(c) does not contain a "good cause" or "ends of justice" exception. Cf. Rule 5A:18.

When appellant objected to Soriano's testimony, he did so "under Cox v. Commonwealth, [65 Va. App. 506 (2015)]." Cox addresses a probationer's Fourteenth Amendment due process right to confront witnesses in a probation revocation proceeding, a context in which the Sixth Amendment does not apply. 65 Va. App. at 518. Relying on precedent from both the United States and Virginia Supreme Courts, we stated that "although the full Sixth Amendment right to

---

[1] This Court denied appellant's assignments of error challenging the sufficiency of the evidence identifying him as the probationer and the person arrested for assault in Ohio.

confrontation does not apply outside of a criminal trial, 'a more limited right of confrontation [is] included in the Due Process Clause of the Fourteenth Amendment, applicable to . . . probation revocation proceedings.'" Id. (quoting Henderson v. Commonwealth, 285 Va. 318, 325-26 (2013)); see Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972).

In overruling appellant's objection, the court stated it was "very familiar" with Cox. Accordingly, the court's ruling was based on appellant's due process right under the Fourteenth Amendment, not his confrontation right under the Sixth Amendment. Because appellant's first assignment of error claiming a violation of the Sixth Amendment "does not address the . . . ruling[] . . . in the trial court[,]" it "shall be dismissed." Rule 5A:12(c)(1)(ii); see Coleman, 60 Va. App. at 620 (holding that failure to comply with Rule 5A:12 "*deprives [the] Court of its active jurisdiction to consider the appeal*" (quoting Davis v. Commonwealth, 282 Va. 339, 339 (2011))). Therefore, we dismiss appellant's first assignment of error.

### 2. Good cause for dispensing with the due process right

Appellant contends that the court erred "in failing to state for the record the grounds upon which [it] relied for not allowing confrontation" of DeRosa, the probation officer who supervised him. He argues the court was required to "specifically find good cause for not allowing the confrontation," and a review of the record "shows there was insufficient evidence to justify denial of confrontation."

"[W]hether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a *de novo* standard of review." Henderson, 285 Va. at 329. Case law interpreting the limited right of confrontation under the Due Process Clause of the Fourteenth Amendment provides that testimonial hearsay is admissible in a revocation proceeding when the court "specifically finds good cause for not allowing confrontation." Id. at 326 (quoting Morrissey, 408 U.S. at 489). Courts use two tests for determining whether denial of the

confrontation right comports with constitutional due process: the "reliability test" and the "balancing test." Id. at 327-28. The reliability test permits the admission of testimonial hearsay that "possesses substantial guarantees of trustworthiness." Id. at 327. The balancing test weighs a defendant's interest in cross-examination against the prosecution's interest in denying confrontation. Id. at 327-28. A court may use either test to find good cause for not allowing confrontation. Id. at 328.

Under the reliability test, "substantial guarantees of trustworthiness" include "detailed police reports (as opposed to mere summaries of such reports by probation officers)," "corroboration of accusers' hearsay by third parties or physical evidence," and "a probationer's failure to offer contradictory evidence." Id. at 327.

Both at trial and on appeal, appellant relied on Cox v. Commonwealth, 65 Va. App. 506 (2015). In Cox, the trial court admitted hearsay testimony about the contents of a probation violation report because "[it was] very customary that the reports come from another jurisdiction." 65 Va. App. at 520. The record lacked any other basis for admitting testimony about the report. Id. We reversed the conviction, holding that the court's explanation did not reflect "good cause" for dispensing with the confrontation right and nothing in the record established that the report "contained substantial guarant[e]es of trustworthiness or a finding that the interests of the Commonwealth outweighed the rights of appellant." Id.

When a court "dispens[es] with the due process right of confrontation, [it] should state for the record the specific grounds upon which [it] has relied for 'not allowing confrontation' in order to facilitate effective appellate review of that decision." Henderson, 285 Va. at 326-27 (quoting Morrissey, 408 U.S. at 489). However, if the court does not make an express good cause finding, an appellate court may conduct "an independent review of the record to ascertain whether there was sufficient credible evidence before [the] court to support a finding of 'good cause for not allowing

confrontation.'" Id. at 327 (quoting Morrissey, 408 U.S. at 489); see Cox, 65 Va. App. at 519-20 (noting that Henderson authorizes appellate review of the record for good cause, despite a defendant's failure to ask the trial court to articulate grounds for not allowing confrontation).

We disagree with appellant's contention that Cox mandates reversal here. An independent review of the record demonstrates that the court had good cause to deny confrontation of DeRosa, the supervising probation officer. Soriano's testimony concerning the violation report satisfied the "reliability test" because it contained "substantial guarantees of trustworthiness." See Henderson, 285 Va. at 327. DeRosa had documented appellant's failure to remain in contact with the probation office and apprise the office of his whereabouts, making the report comparable to a trustworthy "detailed police report[.]" See id. As the court noted when dismissing appellant's motion to strike, the violation report contained the same indictment number and Department of Corrections number as on the probation conditions signed by appellant. This consistency within the documentation further supports a finding that Soriano's testimony was reliable.

Additionally, the violation report was based on DeRosa's firsthand knowledge as appellant's probation officer. Because the violation report was based on that firsthand knowledge, and not statements from other victims or witnesses, Soriano's testimony contained only one level of hearsay, rather than "multiple layers of hearsay" that would be less trustworthy under Henderson. See id. (noting that "[e]vidence which alone would not be reliable" includes "statements contained within multiple layers of hearsay").

The record indicates that Soriano's testimony was not a "mere summary" of DeRosa's probation report, but rather contained a degree of his own personal knowledge. See id. (noting that trustworthy information includes "detailed police reports (as opposed to mere summaries of such reports by probation officers)"). Soriano confirmed that appellant's assault charge in Ohio was still pending as of the November 13, 2019 revocation hearing. Because Soriano had personal

knowledge of the status of the Ohio prosecution based on his own research and verification, his testimony went beyond "mere[ly] summar[izing]" another officer's investigation. See id.

A defendant's "failure to offer contradictory evidence" also factors into the reliability of testimonial hearsay. Id. Here, appellant failed to offer evidence that he had not left Virginia and had not absconded from probation. He offered no evidence, through either direct or cross-examination, to contradict Soriano's testimony that appellant's last contact with the probation office occurred in January 2019, a month before his Ohio arrest. Appellant also offered no evidence that he contacted the office at any time between January 2019 and April 2019, when the probation violation report was filed, to apprise the probation office of his whereabouts. His failure to offer contradictory evidence thus confers a substantial degree of trustworthiness to Soriano's testimony.

The court's decision also satisfies due process under the balancing test, which "weigh[s] the interests of the defendant in cross-examining his accusers against the interests of the prosecution in denying confrontation." See id. at 327-28. The court accepted that DeRosa was no longer employed by the Chesapeake probation office and that his whereabouts were unknown. By permitting Soriano to testify instead, the court found that appellant's interest in cross-examining DeRosa was outweighed by the Commonwealth's interest in prosecuting the case without DeRosa's in-court testimony. The record supports this balance of interests. DeRosa was not indispensable to the case; Soriano was able to personally investigate the status of appellant's assault charge in Ohio and corroborate appellant's failure to apprise the probation office of his whereabouts. Furthermore, Soriano's testimony had substantial guarantees of trustworthiness sufficient to outweigh appellant's interests in confronting DeRosa. See id. at 328 (stating that the reliability and balancing tests are "not mutually exclusive" and that "the reliability of the evidence may . . . be so strong as to overwhelm the defendant's interests in confrontation").

When appellant raised Cox in his objection to Soriano's testimony, the court stated, "I'm very familiar with the case, [c]ounsel. Overruled; go ahead." Before allowing Soriano's testimony concerning the violation report, the court confirmed that DeRosa was no longer employed as a probation officer and that his whereabouts were unknown.

The record therefore shows that the court understood the holding of Cox, understood the requirements of good cause for dispensing with the right to confront witnesses, and determined good cause was established by the explanation of DeRosa's absence and by Soriano's readiness to provide reliable substitute testimony. Because sufficient credible evidence supports a finding of good cause, the court did not err by dispensing with appellant's right to confront DeRosa and allowing the testimony of Soriano.

### 3. Evidentiary objection to hearsay

Finally, appellant contends that the court erred in allowing Soriano's testimony because it was "inadmissible hearsay." Generally, appellate courts review evidentiary rulings for an abuse of discretion. Brown v. Commonwealth, 68 Va. App. 746, 792 (2018). In so doing, we afford "broad discretion" to the trial judge and "consider only whether the record fairly supports the trial court's action." Lampkin v. Commonwealth, 57 Va. App. 726, 728 (2011) (first quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, adopted upon reh'g en banc, 45 Va. App. 811 (2005); then quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)). In the absence of a constitutional challenge, we also use an abuse of discretion standard to review a trial court's decision to admit evidence in a probation revocation hearing. Mooney v. Commonwealth, 69 Va. App. 199, 202 (2018).

Appellant asserts that the court violated his constitutional right to confrontation by allowing the Commonwealth to introduce inadmissible hearsay. The Supreme Court has held that "[w]hen confrontation rights are asserted in a revocation proceeding, . . . we consider the rule against hearsay

*to be entirely subsumed within the probationer's limited due process right of confrontation.*"
Henderson, 285 Va. at 325 (emphasis added). Accordingly, we decline to consider appellant's separate argument that the court abused its discretion in admitting hearsay evidence in his probation violation hearing because we have addressed this issue; it is subsumed within appellant's limited due process right of confrontation.

## CONCLUSION

Because the first assignment of error fails to address a ruling of the trial court and alleges error under the Sixth Amendment rather than the Fourteenth Amendment of the United States Constitution, we dismiss it under Rule 5A:12(c)(1)(ii). As to the second assignment of error, we find that the record contains sufficient credible evidence to support a finding of good cause for dispensing with appellant's right to confront DeRosa and allowing the testimony of Soriano. Finally, because the rule against hearsay is subsumed within a probationer's limited due process right of confrontation, we decline to further address appellant's third assignment of error. Given these holdings, we affirm appellant's violation of probation conviction.

Affirmed in part, and dismissed in part.