UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Athey and Callins
Argued at Virginia Beach, Virginia


SHANNON WARLICK, SOMETIMES KNOWN AS
  SHANNON RICHARD WARLICK

v.      Record No. 1340-21-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE DOMINIQUE A. CALLINS
OCTOBER 25, 2022


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

Kelsey Bulger, Senior Assistant Public Defender (Virginia Indigent
Defense Commission, on brief), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Shannon Warlick, appellant, appeals from the decision of the Circuit Court of the City of

Chesapeake revoking his previously suspended sentence and imposing an active sentence of four

years of imprisonment.  Warlick contends that the trial court erred in admitting the major violation

report at his revocation hearing and in imposing a four-year sentence.[1]  We find no trial court error

and affirm the judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Under Rule 5A:18, objections must be both specific and timely "to alert the trial judge to possible error so that the judge may consider the issue intelligently." *McLean v. Commonwealth*, 30 Va. App. 322, 331 (1999) (quoting *Neal v. Commonwealth*, 15 Va. App. 416, 422 (1992)). An argument is preserved for appeal only if the trial court was aware of the litigant's legal position. *Brown v. Commonwealth*, 279 Va. 210, 217 (2010).  Warlick argued at trial that he deserved a short sentence to compensate for time served in North Carolina.  Now, he argues that the trial court abused its discretion by failing to consider (1) the fact that Warlick did not violate his probation for three years between 2007-2011 and (2) Warlick has already served fifteen years of probation for a nonviolent crime.  The trial court was not made aware of this argument and could not have considered the issue.  Warlick waived this argument.

BACKGROUND

"Applying familiar principles of appellate review, we will state the facts in the light most favorable to the Commonwealth[ ]' . . . the prevailing party in the trial court." *Schmuhl v. Commonwealth*, 69 Va. App. 281, 289 (2018) (quoting *Ervin v. Commonwealth*, 57 Va. App. 495, 499 (2011) (en banc)). On October 20, 2007, the trial court convicted Warlick of forgery and sentenced him to five years of imprisonment with four years suspended. The trial court also imposed indefinite supervised probation upon appellant's release from confinement. On September 29, 2011, on an issue not relevant here, the trial court found Warlick in violation of his probation, revoked his suspended sentence, and resuspended the sentence.

Seven years after Warlick's original conviction, on September 15, 2014, Lisa Dawson, a Virginia probation and parole officer, filed a major violation report ("MVR") with the trial court. The MVR alleged that Warlick had absconded from supervision. At that time, Warlick was under probation supervision in North Carolina, pursuant to an interstate agreement. Dawson filed the report because the North Carolina probation office had notified Dawson that a probation officer had visited Warlick's home in August 2014 and Warlick was not there. His mother advised the officer that Warlick had taken his clothes and left without telling her where he was going. When the probation officer attempted contact with Warlick again several weeks later, his mother reported that he had called her, but he did not disclose his whereabouts. The MVR also stated that "there are now new additional outstanding warrants" for Warlick in North Carolina and that his whereabouts were then unknown. Dawson also attached an Interstate Commission for Adult Supervision "Offender Violation Report" ("ICOTS" report) to the MVR. The ICOTS report stated that Warlick had unserved North Carolina warrants for his arrest and had failed to appear in court for a "second degree trespass" and an attempted breaking and entering.

After reviewing the MVR, the trial court issued a capias for Warlick's arrest on September 24, 2014, for a probation violation. He was not arrested on the capias until August 2, 2021.

Probation and parole officer Kristen McDowell filed an addendum to the MVR on August 27, 2021. The addendum stated that between 2014 and 2016 Warlick was convicted in North Carolina of "felony larceny and habitual felony," possession or transportation of "counterfeit INST," and "uttering forgery." McDowell's addendum to the MVR was admitted without objection at the revocation hearing. The trial court also admitted a "North Carolina Department of Public Safety Offender Public Information" form for Warlick indicating that he was convicted in that jurisdiction for "habitual felon," larceny, and possession or transportation of counterfeit "INST." Lastly, the trial court admitted, without objection, Warlick's Virginia Criminal Information Network ("VCIN") report. The report contained his date of birth, physical description, social security number, and FBI and Department of Corrections ("DOC") numbers. The VCIN report listed Warlick's North Carolina convictions for "habitual felon," larceny, and possessing a counterfeit instrument.

At the time of Warlick's revocation hearing, neither Dawson nor her supervisor, Jon Dorman, remained employed at the probation and parole office. McDowell, however, was available to testify. She testified that she was assigned Warlick's probation supervision case in August 2021. Her office had attempted to contact the North Carolina probation officers who were involved with him in 2014, but was unsuccessful. To verify the MVR and the attached ICOTS report, McDowell stated that the ICOTS report was accessed through an internal computer system that only other probation officers could use. The public cannot access the internal computer system, and the writings within it could not be altered. McDowell testified that the Chesapeake Probation and Parole Office routinely relies on out-of-state ICOTS reports and uses them in court proceedings.

McDowell affirmed that the same DOC number appeared on the conditions of probation that Warlick signed and on the MVR.

Warlick objected to the MVR and the ICOTS report from 2014 because they contained hearsay. He did not provide any evidence refuting the veracity of the reports. The trial court considered the consistent information in other documents pertaining to Warlick, namely his FBI and DOC numbers, date of birth, social security number, photograph, name, and home address. The court also noted that the ICOTS report showed that Warlick had outstanding charges in North Carolina and "Lincolnton," consistent with the VCIN report, which showed convictions in Lincoln County, North Carolina. Finally, the court observed that the MVR alleged that Warlick absconded from supervision, an allegation supported by the fact that a capias was issued in September 2014 and not served until August 2021. The trial court thus concluded that there was good cause to admit the MVR and ICOTS report because there was substantial evidence of trustworthiness.

ANALYSIS

The United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Warlick argues that the trial court's consideration of the MVR and the ICOTS report violated his Fourteenth Amendment right to due process because there were insufficient indicia of reliability to establish good cause for proceeding without first affording him the opportunity of confrontation. "[W]hether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a *de novo* standard of review." *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013).

Because a probationer already has been convicted, a revocation proceeding "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply . . . ." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1971); *see Henderson*, 285 Va. at

- 4 -

325.  In a probation revocation hearing, due process requires, among other things, "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Henderson*, 285 Va. at 326 (quoting *Morrissey*, 408 U.S. at 489).

There are two tests "'for determining whether the denial of the right to confrontation . . . [through the introduction of hearsay evidence] will comport with constitutional due process' to support a finding of good cause." *Cox v. Commonwealth*, 65 Va. App. 506, 519 (2015) (quoting *Henderson*, 285 Va. at 327).  Under the reliability test, "the hearing officer may admit testimonial hearsay 'if it possesses substantial guarantees of trustworthiness.'" *Id.* (quoting *Henderson*, 285 Va. at 327).  Examples of indicia of reliability for testimonial hearsay include "corroboration of accusers' hearsay by third parties or physical evidence" and "a probationer's failure to offer contradictory evidence." *Henderson*, 285 Va. at 327.  The second test, the "'balancing test,' 'requires the court to weigh the interests of the defendant in cross-examining his accusers against the interests of the prosecution in denying confrontation.'" *Cox*, 65 Va. App. at 519 (quoting *Henderson*, 285 Va. at 327-28).  Only one test must be satisfied.[2] *See id.*

The record supports the trial court's conclusion that the MVR and ICOTS report satisfied the reliability test to establish good cause for admission.  First, Warlick failed to offer contradictory evidence, a key indica of reliability.  *See Henderson*, 285 Va. at 327.  As the trial court noted, the MVR and ICOTS report were corroborated by and consistent with information

---

[2] At oral argument, Warlick's counsel argued that the balancing test was the most appropriate test because Warlick did not have any opportunity to cross-examine any of the authors of the reports.  The question before the court was not whether the prosecution had an interest in denying confrontation, but whether the reports were reliable.  *See Cox*, 65 Va. App. at 519.  If the authors of the reports had testified, they would have only needed to testify about the reliability of the reports.  Thus, the reliability test is appropriate here.

contained within other admitted documents: the VCIN report, the MVR addendum, and the North Carolina Public Safety offender form. All documents contained the same identifying information, like Warlick's name, social security number, date of birth, FBI and DOC numbers, and home address. The information in the MVR—alleging that Warlick absconded—was supported by the fact that the court issued a capias in 2014 and the capias was not served until 2021. In addition, the charges in the ICOTS report were corroborated by charges in the VCIN report.

Along with reviewing the corroborating documents, the trial court heard testimony that the internal computer system containing the ICOTS report was secure and inaccessible to the public. In addition, the Chesapeake probation office regularly relies on ICOTS reports from other states. These facts, without contradictory evidence from Warlick, show that the trial court did not err in finding sufficient indicia of reliability to establish that the MVR and ICOTS report were trustworthy and, thus, finding good cause to admit them over appellant's objection.[3]

CONCLUSION

For the foregoing reasons, we affirm the trial court's decision.

*Affirmed.*

---

[3] In any event, "a claim that due process was violated at a revocation proceeding" generally is "subject to harmless error analysis" considering whether the error was harmless beyond a reasonable doubt. *Mooney v. Commonwealth*, 297 Va. 434, 437-38 (2019). Here, the VCIN report, McDowell's addendum to the MVR, and the North Carolina Public Safety offender report all showed that appellant had been convicted for crimes in North Carolina after 2014. Thus, the trial court had a sufficient basis, even without the MVR and ICOTS report, to conclude that Warlick violated the terms of his probation by incurring criminal convictions. Even if admission of the MVR and ICOTS report was error, it was harmless error beyond a reasonable doubt.