COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Decker and AtLee
Argued at Richmond, Virginia

LEE ALDEN MOONEY

                                                    OPINION BY
v.       Record No. 1055-17-2        JUDGE RICHARD Y. ATLEE, JR.
                                            AUGUST 7, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Clarence N. Jenkins, Jr., Judge

Elliott B. Bender (David C. Reinhardt; Bender Law Group, PLLC,
on brief), for appellant.

Aaron J. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Appellant Lee Alden Mooney was convicted of grand larceny in 2007 and 2011 and

received partially suspended sentences. After he was convicted of new offenses in 2017, the trial

court revoked the suspended sentences and re-imposed three years. Mooney argues on appeal

that the trial court denied him his due process right of confrontation by admitting allegedly

unreliable hearsay evidence at the revocation hearing. We find that the challenged evidence was

not testimonial hearsay and affirm the trial court's ruling.

At the revocation hearing, Mooney admitted that he had violated the terms of his

probation by being convicted of new offenses – domestic assault and battery, abduction, and

strangulation – in another jurisdiction. When the trial court requested information about the facts

of the new offenses, the prosecutor read from an unidentified newspaper article that quoted

aspects of the victim's trial testimony. Mooney's counsel objected on hearsay and confrontation

grounds. The court overruled the objection, stating that hearsay was allowed in revocation

PUBLISHED

proceedings.[1] Counsel later told the court that Mooney "would dispute many of the facts that the Commonwealth says, but doesn't dispute that he's been found guilty and he's not here to fight that and bring that person in here." The newspaper article was not admitted as an exhibit and does not appear in the record.

On appeal, we review for abuse of discretion a trial court's decision to admit evidence at a revocation hearing. Henderson v. Commonwealth, 285 Va. 318, 329, 736 S.E.2d 901, 907 (2013). However, we review *de novo* whether admitting that evidence violated a defendant's due process right of confrontation. Id. We also review *de novo* "whether a particular category of proffered evidence is testimonial hearsay." Cody v. Commonwealth, 68 Va. App. 638, 658, 812 S.E.2d 466, 476 (2018) (quoting Holloman v. Commonwealth, 65 Va. App. 147, 170, 775 S.E.2d 434, 446 (2015)).

At a revocation proceeding, a defendant does not have the same constitutional rights he does in a criminal trial and the Sixth Amendment right to confrontation does not apply. See Henderson, 285 Va. at 325, 736 S.E.2d at 905. "Hearsay is frequently admitted." Id. at 326, 736 S.E.2d at 905. See also Va. R. Evid. 2:1101(c)(1) (stating that the application of evidentiary rules "is permissive, not mandatory" in criminal proceedings other than trials, preliminary hearings, and jury and capital murder sentencings). Despite the frequent admission of hearsay in revocation proceedings, "hearsay that is testimonial in nature is subject to the limited confrontation right provided by the Fourteenth Amendment," to probationers in revocation proceedings, Henderson, 285 Va. at 326, 736 S.E.2d at 905, and is admissible only when the court "specifically finds good cause for not allowing confrontation," id. (quoting Morrissey v.

---

[1] Without some qualification, the oft-repeated maxim that "hearsay is permitted at a revocation proceeding" is overly broad and no longer a correct statement of the law, in light of precedent from the last five years. See Henderson v. Commonwealth, 285 Va. 318, 736 S.E.2d 901 (2013); Cox v. Commonwealth, 65 Va. App. 506, 779 S.E.2d 199 (2015); Saunders v. Commonwealth, 62 Va. App. 793, 753 S.E.2d 602 (2014).

Brewer, 408 U.S. 471, 489 (1972)).[2]  Conversely, non-testimonial hearsay does not implicate any due process confrontation right.  See Crawford v. Washington, 541 U.S. 36, 68-69 (2004) (holding that the right to confrontation under the Constitution arises only "[w]here testimonial statements are at issue"); accord Henderson, 285 Va. at 326, 736 S.E.2d at 905; Cody, 68 Va. App. at 657, 812 S.E.2d at 475.

We agree with the Commonwealth that Mooney's due process right of confrontation was not violated.  The newspaper article at issue was not testimonial evidence, because it was not prepared in anticipation of trial.  "[A] statement is testimonial if its primary purpose is 'for use in an investigation or prosecution of a crime.'"  Cody, 68 Va. App. at 664, 812 S.E.2d at 479 (quoting Sanders v. Commonwealth, 282 Va. 154, 164, 711 S.E.2d 213, 218 (2011)); see also Ohio v. Clark, 135 S. Ct. 2173, 2180 (2015) (holding that a child's statements to his preschool teacher regarding injuries on his body were not testimonial because they were not obtained to create evidence for a future criminal prosecution).  The purpose of the article was to provide information to the public about Mooney's criminal trial.  See Walker v. Commonwealth, 281 Va. 227, 231, 704 S.E.2d 124, 126 (2011) (holding that admitting National Automobile Dealers Association "blue book" into evidence as proof of value of a stolen vehicle did not violate defendant's confrontation rights because the book was a neutral repository of information for the automobile industry and was not created to aid in the prosecution of defendant); Holloman, 65 Va. App. at 171, 775 S.E.2d at 446 (holding that admitting evidence about a "gang notebook" used by gang members did not violate defendant's right of confrontation because the notebook was not "created for the purpose of a criminal investigation or prosecution").

---

[2] Mooney argues that the trial court erred because the judge did not state for the record the specific "good cause" grounds for not allowing confrontation.  However, because we find that the challenged evidence was not testimonial hearsay, Mooney's right of confrontation was not implicated, and the trial court was not required to make a finding of "good cause."

- 3 -

In determining whether a statement is testimonial, the Court considers "all of the relevant circumstances." Holloman, 65 Va. App. at 170, 775 S.E.2d at 446 (quoting Michigan v. Bryant, 562 U.S. 344, 369 (2011)). The newspaper article reported the victim's testimony from the trial, as well as comments from the trial judge at sentencing. The statements in the article were not testimonial because nothing about them "would lead an objective witness reasonably to believe that the statement[s] would be available for use at a later trial." Crawford, 541 U.S. at 52. The statements reported in the article were not made to police officers investigating a crime. See Holloman, 65 Va. App. at 170, 775 S.E.2d at 446 (quoting Clark, 135 S. Ct. at 2181) ("Statements made 'to individuals who are not law enforcement officers . . . are much less likely to be testimonial than statements to law enforcement officers.'").

Further, the article quoted the victim's testimony from the prior trial. Certainly, Mooney had the opportunity to cross-examine her at that trial. Cf. Crawford, 541 U.S. at 51-52 (including within the "core class of 'testimonial' statements" "prior testimony that the defendant was unable to cross-examine"). While Mooney's counsel told the trial court at the revocation hearing that Mooney "would dispute many of the facts" the prosecutor recited, counsel conceded that Mooney was not contesting that he had been convicted of the offenses and, further, that he did not want to bring the victim to the hearing.

In sum, the newspaper article was not testimonial hearsay because it was not prepared for the primary purpose of investigating or prosecuting a crime, and because the victim, whose trial testimony had been quoted, was subject to cross-examination at the underlying trial. Rather, the article was a report of what had occurred at Mooney's trial. The reporter's purpose in writing the article was to inform members of the community, not gather information to be used as evidence against Mooney at some later proceeding. Accordingly, under the circumstances of this case, the

trial court's ruling, allowing the prosecutor to quote from the article, did not violate Mooney's due process right of confrontation.

Affirmed.
