PRESENT:  All the Justices

LEE ALDEN MOONEY

v.  Record No. 181164

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
June 27, 2019

FROM THE COURT OF APPEALS OF VIRGINIA

Lee Alden Mooney challenges a proffer of evidence made at his probation revocation hearing.  According to the prosecutor, this proffer quoted testimony from a newspaper article.  The article detailed testimony from a victim of Mooney's crimes.  The article was never admitted into evidence.  Mooney contends that this proffer violated his due process rights.  We assume, without deciding, that the proffer was in error but hold that any error was harmless on the facts of this case.  Therefore, we will affirm the judgment of the Court of Appeals of Virginia.

BACKGROUND

In 2007, Mooney was convicted of two counts of grand larceny.  The court imposed a 10-year sentence but suspended all but two months of the sentence.  He was again convicted of grand larceny in 2011.  He was sentenced on that conviction to serve five years, with four years and six months suspended.  In 2016, Mooney was convicted in another jurisdiction of abduction by force/intimidation, assault and battery of a family member, third offense, and strangulation resulting in wound/bodily injury.  Based on those new convictions, the court issued an order to show cause why the previously suspended sentences should not be revoked.

At the hearing, Mooney acknowledged that he was convicted of those new felonies.  The prosecution noted that the crimes occurred after Mooney's "most recent release from incarceration from his last probation violation."  Over Mooney's objection, the prosecutor read

the following from a "newspaper article" that contained "quotations from [the victim's] testimony":

> as we were about to go to sleep, I looked at my tablet and saw Mr. Mooney's Facebook page was on it. He was having conversations with ex-girlfriends. I gently woke him up and told him I didn't want to be with him anymore. That's when he got angry and went into a rage. He told me that I wasn't going anywhere and this is not my first kidnapping. I could not go anywhere. He would use his body to block my movement everywhere I went. He put his hands around my neck and lifted me up. I couldn't breathe, and he said that he didn't care. There were times when he asked me for forgiveness and times he would become violent again. He would head-butt me, slap my legs and my ankles. I played along because I thought I was going to die. I was in survival mode.

The prosecutor further stated:

> the entire incident happened over the course of about seven hours and ended when he passed out and she was able to leave the residence. The judge found him guilty and sentenced him to the, I believe, it's the total sentence, 10 years active for these crimes, but, you know, obviously, you know, his comments during the sentencing was the victim couldn't even go to the bathroom without this man looking over her shoulder, the one thing that showed me that this was an abduction was when the victim managed to get away, that the defendant climbed through the window, this was an assault that occurred a number of times throughout that night.

The court overruled Mooney's objection to this proffer, stating "this is a show cause proceeding and hearsay is allowed." The newspaper article was not admitted into evidence and is not in the record. The court found Mooney in violation of the terms of his suspended sentences and revoked 11 years and 19 months of his suspended sentences, but then re-suspended all but three years.

On appeal, the Court of Appeals affirmed the trial court's ruling, holding that the proffer did not violate Mooney's due process rights because the newspaper article from which the

prosecutor quoted was not testimonial hearsay.  *Mooney v. Commonwealth*, 69 Va. App. 199, 204 (2018).

## ANALYSIS

Constitutional error can generally be subject to harmless error analysis, *Foltz v. Commonwealth*, 284 Va. 467, 472 (2012), and that includes a claim that due process was violated at a revocation proceeding.  *See, e.g.*, *United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir. 2003) ("A due process violation at a revocation proceeding is subject to harmless error analysis.") (internal quotation marks and citations omitted).  The standard for an alleged constitutional error is whether the error was harmless beyond a reasonable doubt. *Commonwealth v. White*, 293 Va. 411, 421 (2017).

The most salient fact is that, as Mooney conceded, he was convicted of three major violent new felonies:  abduction, strangulation, and assault and battery on a family member, third offense.  Thus, he was unquestionably in violation of the terms of his probation.  Before that latest violation, Mooney had been found to have violated the terms of his probation on six prior occasions over a seven-year period – October 15, 2008, October 7, 2009, July 7, 2010, July 16, 2012, August 20, 2012, and November 30, 2015 – which suggests a less than optimal adjustment to probation.

Mooney contends that the newspaper article "fed the Commonwealth's argument of the egregious nature of Mooney's recent conviction" and was "the only evidence of an aggravating or egregious nature."  Mooney Br. pp. 7, 24.  We find this argument unpersuasive.  The trial court knew from the major violation report about Mooney's new convictions.  The violent nature of Mooney's convictions for abduction by force/intimidation, assault and battery of a

3

family member, third offense, and strangulation resulting in wound/bodily injury is readily apparent.

Although Mooney argues that the proffer of the contents of the newspaper article might have affected the duration of his revoked suspended sentence, the trial court ordered Mooney to serve only three years of the remaining twelve years and seven months. As the Commonwealth notes, this sentence was both below the prosecutor's recommendation and is nine years and seven months less than the maximum sentence Mooney could have received. Mooney also has a lengthy criminal record: he was convicted of assault in 1994, 1998, 1999, and 2003, and domestic assault in 1994. He was also convicted of stalking in 1994 and again in 2003. The prosecutor noted that after being placed on probation with good behavior restrictions in 2007 as a result of his plea regarding the two aforementioned grand larceny charges, Mooney managed to accumulate 18 new convictions, which include domestic assault in 2014 and domestic assault in 2015. Finally, the court did not indicate that its decision to revoke Mooney's probation was based on anything other than the fact that Mooney received new convictions.

This combination of circumstances leads us to conclude that any alleged error in allowing the prosecutor to read from the newspaper article was harmless beyond a reasonable doubt.

CONCLUSION

We will affirm the judgment of the Court of Appeals.

*Affirmed*.


JUSTICE GOODWYN, joined by JUSTICE MIMS and JUSTICE POWELL, dissenting.

I respectfully dissent. I believe the circuit court erred in admitting into evidence the proffered statement from an unidentified newspaper, and I do not believe that such error was harmless beyond a reasonable doubt.

4

At a probation violation hearing, a probationer is not entitled to the "full panoply" of constitutional rights to which he was entitled at trial. *Henderson v. Commonwealth*, 285 Va. 318, 325 (2013). The Sixth Amendment's right of confrontation applies only in criminal trials, while a more limited right of confrontation applies in probation revocation proceedings under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Id.* at 325-26. These "minimum requirements of due process" in probation violation proceedings include "the right to confront and cross-examine adverse witnesses (*unless the hearing officer specifically finds good cause for not allowing confrontation*)." *Id.* at 326 (emphasis added) (citation and internal quotation marks omitted).

Consistent with the limited confrontation rights afforded a probationer, "[h]earsay is frequently admitted" during a probation revocation proceeding, including "letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id.* Admission into evidence of *testimonial* hearsay, however, conflicts with a defendant's right to confront and cross-examine adverse witnesses. *Id.*

A statement intended to bear witness against the accused is testimonial. *Crawford v. Washington*, 541 U.S. 36, 51 (2004) (citation and internal quotation marks omitted). "Whatever else the term covers, *it applies at a minimum to prior testimony* at a preliminary hearing, before a grand jury, or *at a former trial*; and to police interrogations." *Id.* at 68 (emphases added). The right of confrontation is not satisfied by one witness testifying about "another's testimonial statements." *Bullcoming v. New Mexico*, 564 U.S. 647, 662 (2011); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 n.1 (2009). The allegedly quoted testimony, of a witness at a previous trial, as recounted by the unidentified newspaper and read

5

into evidence by the Commonwealth, was testimonial hearsay. Mooney objected to the admission of that evidence.

Upon a properly raised objection, the government bears the burden of proving that its evidence does not violate a defendant's right of confrontation. *See Melendez-Diaz*, 557 U.S. at 324 ("[T]he Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court."); *United States v. Jackson*, 636 F.3d 687, 695 & n.4 (5th Cir. 2011) ("It is the government's burden to show the admissibility of its evidence. Similarly, the government bears the burden of defeating [the defendant's] properly raised Confrontation Clause objection."); *see also Bullcoming*, 564 U.S. at 666 (noting the prosecution bears the burden of proving its evidence complies with the Sixth Amendment's Confrontation Clause).

The circuit court incorrectly ruled that hearsay is always admissible during probation revocation hearings. It did not consider or determine whether the quoted trial testimony was testimonial hearsay, nor consider whether there was good cause for not allowing confrontation.

We have previously determined that testimonial hearsay "may be admitted *only* when the hearing officer finds good cause for not allowing confrontation." *Henderson*, 285 Va. at 326 (emphasis added). Further, we have stated that in admitting testimonial hearsay at a revocation proceeding, "the trial court . . . *should state for the record* the specific grounds upon which the court has relied for 'not allowing confrontation.'" *Id*. at 326-27 (emphasis added). The circuit court failed to do so in this case. Accordingly, the circuit court erred when it permitted the Commonwealth to recite into evidence purported prior testimony restated from an unidentified newspaper article, without finding good cause for not allowing confrontation.

Two tests have emerged for determining whether there is good cause to deny the right of confrontation in a revocation proceeding:  the balancing test and the reliability test.  *Id.* at 327. Under the balancing test, the court weighs "the interests of the defendant in cross-examining his accusers against the interest of the prosecution in denying confrontation."  *Id.* at 327-28.  Under the reliability test, the court may admit the evidence if it "possesses substantial guarantees of trustworthiness."  *Id.* at 327 (citation and internal quotation marks omitted).

In this instance, the record indicates the wisdom of the requirements stated in *Henderson*. A review of the record in this case reveals that the Commonwealth did not express any interest of the prosecution in denying confrontation.  Also, the Commonwealth stated that it was reading testimony of a witness as recounted in a newspaper article about Mooney's criminal trial, but did not state which newspaper, the title or purpose of the article, or admit the article into evidence. There is no proffered evidence in the record concerning the reliability of the purported newspaper article or of the allegedly quoted testimonial evidence contained in the newspaper article, nor is there any evidence that would have allowed the circuit court to balance the interests of the defendant's right to confrontation against the prosecution's interest in denying that confrontation.

In argument prior to sentencing, the Commonwealth emphasized the weight of the evidence from the newspaper article, calling the current offense egregious and horrific, one from which the victim was lucky to have survived.  Although Mooney did not contest the *fact* of his new convictions, he disputed some of the purported testimony read by the Commonwealth.

All "error will be presumed to be prejudicial unless it plainly appears that it could not have affected the result."  *Caldwell v. Commonwealth*, 221 Va. 291, 296 (1980).  The admission of the material purportedly quoted from the article was error and not harmless "because we

cannot ascertain from the record the extent, if any, to which the error may have contributed to the punishment imposed." *Turner v. Commonwealth*, 278 Va. 739, 744 (2009) (ruling that the admission of inadmissible evidence in a revocation proceeding was not harmless, despite the additional evidence the court had to support its revocation decision). Despite the perceived reasonableness of the sentence imposed, it is not clear beyond a reasonable doubt that the circuit court did not consider the testimonial hearsay evidence in determining Mooney's punishment, and that the circuit court may have revoked less of the defendant's suspended sentences had the statements not been admitted into evidence.

Accordingly, I would vacate the judgment and remand the case to the circuit court for a new sentencing hearing.