COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and Causey
Argued at Alexandria, Virginia


RUSH JACK SAMUEL HOLT, III

                                                    MEMORANDUM OPINION[*]
v.        Record No. 0343-23-4                           PER CURIAM
                                                        MARCH 26, 2024
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
James E. Plowman, Judge

(Ryan D. Ruzic, Public Defender, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lindsay M. Brooker, Assistant
Attorney General, on brief), for appellee.


Rush Jack Samuel Holt, III, was before the trial court on allegations that he violated his

felony probation on an underlying conviction for aggravated sexual battery. Holt argues that the

trial court erred in admitting testimony at the probation violation hearing regarding the content of

letters received from two minors who were not present to testify at the hearing and in admitting the

letters into evidence. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). For the foregoing reasons, we affirm the court below.

BACKGROUND

In 2018, Holt pleaded guilty in the Circuit Court of Fauquier County to one count of

aggravated sexual battery, a violation of Code § 18.2-67.3. The trial court sentenced Holt to six

years in prison, with four years suspended, and placed him on probation for three years following

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

his release from incarceration. As a special condition of probation, the trial court ordered that Holt shall "have no unsupervised contact with minors."

On September 2, 2022, Holt's probation officer, Brittany Evans, submitted a major violation report (MVR) asserting that Holt violated the terms and conditions of his probation. The MVR indicated that he violated the special condition of his probation by having contact with two minor twin boys. Specifically, the MVR reported that in July 2021, Holt obtained employment at Logan's Roadhouse (Roadhouse), a restaurant, where he signed a "safety contract" in which he agreed he would not communicate with "known co-workers under the age of 18" unless it was for work purposes. The contract also provided that Holt would "not initiate casual conversation with any minors that enter[] the restaurant," that he would "not be alone with any minors at work," or "stand next to co-worker minors during down times/breakroom at work." The safety contract was signed by Holt, the general manager, the hiring manager, and Holt's probation officer at the time. Holt appeared to comply with the safety contract from the date he signed it on July 28, 2021, until August 19, 2022.

On August 19, 2022, Holt informed Evans that he was fired from his job at Roadhouse for making inappropriate comments at work. Evans also received a phone call from an anonymous former co-worker of Holt's who reported that Holt had been fired because of inappropriate contact with two seventeen-year-old twin boys who worked at Roadhouse. The caller also informed Evans that Holt "was seen having unsupervised contact with the minors on numerous occasions" and that he observed Holt alone with one of the minors in the cooler. The caller told Evans that Holt had been to the minors' home multiple times and that he "had plans to meet one of the minors at a hotel on [his] eighteenth birthday." As a result of the anonymous call, Evans and a senior probation officer went to Roadhouse and spoke with the general manager, who confirmed that Holt had unsupervised contact with minors while working there, including in the cooler, the bathroom, and at

the minors' residence. The general manager explained that Holt's behavior "escalated quickly" over the week of August 13 to 19, 2022, and described Holt's behavior as "inappropriate and concerning."

Following her conversation with the general manager, Evans called Holt to address the allegations. Because Holt rendered conflicting statements about his contact with minors, Evans instructed Holt to report to the probation office on August 22, 2022, to discuss the situation further. When Holt reported on August 22, 2022, he "continued to claim that he was fired due to inappropriate comments that he made." Holt explained that his comments were "mainly jokes about sex," and he disclosed that his coworkers showed him pornography "on numerous occasions." Upon additional questioning, Holt stated that he worked with two minors who were twin boys and that he had a "work relationship" with the boys' mother, who also worked at Roadhouse. Holt then admitted that he had made a comment about taking one of the boys to a hotel room if the boy was eighteen, and he said that one of the boys asked him for Duluth Trading Company underwear as a birthday gift. Evans told Holt that she had received multiple complaints from the community regarding his behavior with the boys. Holt continued to deny inappropriate contact and said, "they are very cute, but I would never." After Holt admitted to seeing the boys outside of work "in passing at a bowling alley and a movie theater," as well as to visiting the boys' residence on one occasion, Evans placed Holt on Global Positioning System (GPS) monitoring and increased home contacts to once a month.

Evans wrote in the MVR that Holt's behavior was "deceptive and evasive" and that he "fail[ed] to identify the level of severity of his actions, and continues to minimize the situation." Evans noted that Holt's 2018 psychosexual evaluation indicated Holt posed "an average risk for further sexual reoffending due to the nature of his offense, as well as his behaviors that reflect emotional identification with children, lack of concern for others, and impulsivity." Evans

requested that the trial court issue an expedited bench warrant to have Holt return to court because he "continues to present inappropriate interactions with minors" and "poses a threat to the safety of the community due to his predatory behaviors, which are similar to his original offense."

The trial court issued a capias for Holt's arrest on September 22, 2022. After Holt was arrested on the capias, the trial court appointed counsel and scheduled a revocation hearing for December 8, 2022. The revocation hearing was later continued to February 2, 2023. On January 25, 2023, Evans prepared a status update letter informing the trial court that since the filing of the MVR, Holt had admitted to having unsupervised contact with minors. The letter detailed that Holt reported to the probation office as instructed on September 16, 2022, and admitted that he did have unsupervised contact with the minors. When asked why he had not been honest previously, Holt said he was concerned that he would get in trouble because he provided the minors with nicotine.

Holt contested the alleged violation at the probation violation hearing. The Commonwealth called two witnesses to testify: Evans and William Nguyen, Holt's former manager at Roadhouse. Evans testified about the information contained in the MVR and verified its accuracy. Evans also testified to the accuracy of the safety contract and its terms. Both the MVR and the safety contract were admitted as exhibits at the hearing. Finally, Evans testified that Holt admitted having unsupervised contact with one of the minor boys, but that he insisted it was only at work during a smoking break.

Nguyen testified that as time progressed, Holt became more comfortable at work. When Holt became more comfortable at work, his conversation became "more vocal, more loud and . . . more sexual in nature." When Nguyen observed Holt smoking with one of the minor boys, he informed Holt that the interaction was inappropriate and explained that it could not happen again. Over Holt's objection, Nguyen testified that both minor boys, I.T. and C.T., provided him with written letters detailing Holt's actions. Nguyen did not ask I.T. and C.T. to write the letters, but he

did consult the letters in deciding whether to terminate Holt's employment. After Nguyen verified the authenticity of the letters, they were admitted into evidence over Holt's objection. I.T. wrote in his letter that Holt touched his buttocks and his penis and that Holt showed him pornography. C.T. wrote that Holt regularly tried to pull him aside to kiss and touch him, which made C.T. feel "very uncomfortable."

Holt testified that he did not have any unsupervised contact with I.T. or C.T. He explained that other adult co-workers joined them outside during the smoking breaks. Holt further explained that the only unsupervised contact he had with I.T. or C.T. was when he found them in the restaurant to retrieve his vape device, which he let the boys borrow at times. He adamantly denied ever having "any extended period of contact" with I.T. or C.T. "when there weren't adults present." On cross-examination, Holt denied the allegations contained in I.T. and C.T.'s letters, but he admitted that his story had changed over time.

Holt moved to dismiss the violation, arguing that the evidence was not sufficient to prove he knowingly and intentionally violated his probation. The trial court disagreed and found that Holt violated the special condition of his probation. The trial court specifically found that Holt admitted having unsupervised contact with I.T. and C.T. when he spoke to Evans and then expressly stated that Evans's testimony was more credible than Holt's. The trial court stated it was troubled by Holt's "inability to speak the truth." The trial court then revoked the remaining four years of Holt's sentence and ordered it served in its entirety. This appeal follows.

ANALYSIS

Holt contends that the trial court erred in allowing Nguyen to authenticate the letters written by I.T. and C.T., and then in admitting the letters into evidence in violation of his right to

confrontation.[1]  Holt argues that admission of the letters violated his right to confrontation because the letters were unreliable testimonial hearsay.

"On appeal, we review for abuse of discretion a trial court's decision to admit evidence at a revocation hearing."  *Mooney v. Commonwealth*, 69 Va. App. 199, 202 (2018), *aff'd*, 297 Va. 434 (2019).  "However, we review *de novo* whether admitting that evidence violated a defendant's due process right of confrontation."  *Id.*  We also review de novo "whether a particular category of proffered evidence is testimonial hearsay."  *Cody v. Commonwealth*, 68 Va. App. 638, 658 (2018) (quoting *Holloman v. Commonwealth*, 65 Va. App. 147, 170 (2015)).  "[I]n conducting our *de novo* analysis, this Court 'is bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them.'"  *Id.* at 656 (quoting *McGee v. Commonwealth*, 25 Va. App. 193, 198 (1997) (en banc)).

"At a revocation proceeding, a defendant does not have the same constitutional rights he does in a criminal trial and the Sixth Amendment right to confrontation does not apply."  *Mooney*, 69 Va. App. at 202.  "Hearsay is frequently admitted."  *Id.* (quoting *Henderson v. Commonwealth*, 285 Va. 318, 326 (2013)).  *See also* Va. R. Evid. 2:1101(c)(1) (stating that the application of evidentiary rules "is permissive, not mandatory" in criminal proceedings other than trials, preliminary hearings, and jury sentencings).  Nevertheless, testimonial hearsay, even in probation violation hearings is subject to "the limited confrontation right provided by the Fourteenth Amendment."  *Henderson*, 285 Va. at 326.  "Such hearsay may be admitted only when 'the hearing officer specifically finds good cause for not allowing confrontation.'"  *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)).  "Conversely, non-testimonial hearsay does not implicate any due process confrontation right."  *Mooney*, 69 Va. App. at 202-03.

---

[1] Holt's opening brief contains two separate assignments of error, but he presents the same argument for both contentions.  We therefore address them as one.

On the threshold, we find that the letters here were not testimonial. They were not prepared in anticipation of a trial or for the prosecution of Holt's probation violation. A hearsay statement is testimonial when it results from interrogation, the "primary purpose" of which "is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). Testimonial statements are the "sort [that] cause the declarant to be a 'witness' within the meaning of the Confrontation Clause." *Id.* at 821. Thus, "[s]tatements made 'to individuals who are not law enforcement officers . . . are much less likely to be testimonial than statements to law enforcement officers.'" *Cody*, 68 Va. App. at 658 (second alteration in original) (quoting *Ohio v. Clark*, 576 U.S. 237, 246 (2015)). In order to determine whether a statement is testimonial, we must objectively evaluate all relevant circumstances "in which the encounter occur[ed] and the statements and actions of the parties." *Holloman*, 65 Va. App. at 170 (alteration in original) (quoting *Michigan v. Bryant*, 562 U.S. 344, 359 (2011)).

The record indicates that the letters were not, in fact, written or created with the "primary purpose of creating an out-of-court substitute for trial testimony." *Clark*, 576 U.S. at 245. The letters were written to Nguyen, unsolicited, and clearly not the result of interrogation by anyone in the law enforcement community, including Holt's probation officer or the Commonwealth's attorney, and not made with the primary purpose of proving events relevant to Holt's probation violation. Nguyen testified that upon receipt of the letters, rather than contacting the police he "just went straight to termination" without questioning the boys or Holt about the allegations depicted in them. An objective review of the record reveals that the boys wrote the letters to Nguyen, their work supervisor, to inform him of Holt's inappropriate behavior and the fact that Holt was making them feel uncomfortable. The record contains no evidence that the boys knew the statements might be used in court against Holt, that they intended for them to be used in court against Holt, or that they knew they were, in fact, used in court against Holt. Moreover, the letters were not necessary as

substantive evidence against Holt, in view of Holt's admission that he had unsupervised contact with at least one of the minors. The trial court expressly stated that it would find Holt in violation of his probation even without the letters. The written statements and Nguyen's testimony about them were therefore not testimonial, and the trial court did not err in admitting them at the hearing.

In sum, the letters were not testimonial hearsay because they were not prepared for the primary purpose of investigating or prosecuting a crime. Rather, they appear to have been consulted by Nguyen merely to render a decision on Holt's termination from Roadhouse. Accordingly, under the circumstances of this case, the trial court's admission of the letters and consideration of what they said did not violate Holt's due process right of confrontation. Because we conclude that the letters were not testimonial, we need not address whether the trial court erred in finding they met the test for "reliability" that governs the admission of testimonial hearsay in probation violation hearings. *Henderson*, 285 Va. at 327.

## CONCLUSION

For the foregoing reasons, we will affirm the trial court.

*Affirmed.*