COURT OF APPEALS OF VIRGINIA

Present:    Judges Malveaux, Athey and Senior Judge Petty
Argued by videoconference


ARTHUR JAMES ROWE, JR.

                                                          MEMORANDUM OPINION* BY
v.        Record No. 0172-24-3                        JUDGE WILLIAM G. PETTY
                                                               APRIL 15, 2025
COMMONWEALTH OF VIRGINIA


                        FROM THE CIRCUIT COURT OF HENRY COUNTY
                                    James R. McGarry, Judge

                Eric Weathers, Assistant Public Defender (Kelsey Bulger, Deputy
                Appellate Counsel; Virginia Indigent Defense Commission, on
                briefs), for appellant.

                Sandra M. Workman, Assistant Attorney General (Jason S. Miyares,
                Attorney General; Stephen J. Sovinsky, Assistant Attorney General,
                on brief), for appellee.


        The Circuit Court of Henry County found Arthur James Rowe, Jr., in violation of the

conditions of his probation and sentenced him to the remaining five years and nine months of his

suspended sentence.  On appeal, Rowe argues that the trial court erred by admitting portions of

the addendum to the major violation report (MVR), finding Rowe in violation of the conditions

of his probation, and revoking and reimposing the remainder of his suspended sentence.  For the

following reasons, we affirm.

_____

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND[1]

In 2017, upon his guilty plea, the trial court convicted Rowe of computer solicitation of a minor. The court sentenced Rowe to ten years of incarceration and suspended eight years and four months. Rowe was released from incarceration in May 2018 and placed on supervised probation.

Rowe violated the conditions of his probation in August 2018, November 2019, and January 2022, and served two years and seven months of his suspended sentence. In November 2022, Rowe committed a fourth probation violation. The court revoked and resuspended the remaining five years and nine months of Rowe's sentence on the condition that he successfully complete the Community Corrections Alternative Program (CCAP).

In November of 2023, Rowe's probation officer filed an MVR with the trial court, advising that Rowe violated the terms of his probation for the fifth time. The MVR alleged violations of Condition 6 ("I will follow the Probation and Parole Officer's instructions and will be truthful, cooperative, and report as instructed") and Condition 8 ("I will not unlawfully use, possess or distribute controlled substances or related paraphernalia"). It stated that Rowe failed to report to the probation office on September 25 and October 23, 2023, and that Rowe had "been hard to get in contact with and ha[d] not been cooperative once contact was made." The report further stated that on November 2, 2023, Rowe admitted to a mental health clinician that he took pills but would not disclose what kind of pills they were. Rowe's probation officer

---

[1] "Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

determined that he did not have any prescription medication on file. The probation officer added that Rowe had "struggled immensely since being released from CCAP" and had "failed to communicate with th[e] officer and comply with the rules and regulations that were put in place on his departure from CCAP." The officer concluded that Rowe did "not appear to be a suitable candidate for probation."

Rowe's probation officer later filed an addendum to the MVR documenting additional violations. The addendum stated in relevant part that:

> On November 16, 2023, Arthur Rowe left this officer a voicemail stating that he had a bed available at the Life Center of Galax beginning on November 19, 2023. . . .
> On November 21, this officer contacted the Life Center of Galax to locate Mr. Rowe. During the conversation the Life Center staff would not confirm or deny that Rowe was at the center.
>
> . . . .
>
> On November 29, 2023, SO Puckett reported to the residence Mr. Rowe was approved to reside . . . . Once at the residence the home owner stated she had not seen Rowe in over three weeks. On this same day, SO Puckett reported to . . . a car garage where Mr. Rowe would often work on the side. Individuals at the garage acknowledged they knew Rowe but had not seen or spoken to him in over three weeks.
> On November 29, 2023, this officer spoke to staff at One North SOVAH Martinsville in regard to probationer[']s whereabouts. It was confirmed that Mr. Rowe never received treatment on that floor and was released from the SOVAH emergency room on November 4, 2023.

The addendum also stated that on November 27, 2023, Rowe failed to report for "color code" at the probation office. The addendum added violations of Conditions 10 and 11 of probation for Rowe changing his residence without permission and absconding.

On January 3, 2024, the trial court conducted a revocation hearing. Before the hearing, Rowe objected to the statement in the MVR about his admission to taking pills, and to the statements in the addendum. Rowe argued that the statements were third party hearsay

statements and "objectionable" "based on *Henderson* and *Cox*."[2]  He stated his "issue [was]n't

with the evidence," but that the statements were "not acceptable to be admitted without the

person [t]here testifying."

The court overruled Rowe's objections and responded that "the rules of evidence [were]

kind of loose in probation violation hearings."  It stated it would consider the statements only to

show the efforts the probation officers made to locate Rowe.  The court commented that the

report's narrative supported violations of Conditions 6, 10, and 11, but not a violation of

Condition 8, and said Rowe could call the probation officer to "determine how much weight, if

any, should be given to . . . the particular statements."  The Commonwealth submitted that they

could continue the hearing and have the probation officer testify.  Rowe did not ask to continue

the hearing and did not present any evidence.  The court found Rowe in violation of Conditions

6, 10, and 11, and dismissed the Condition 8 violation.

By way of mitigation, Rowe argued that he had difficulty finding employment and

maintaining a residence because of his status as a sex offender.  He stated that CCAP was unable

to find employment for him, so he was released from the program earlier than intended.  Rowe

added that the situation was compounded by his mental health issues and barriers to certain

programs because of his criminal conviction.  Rowe's sentencing guidelines recommended one

to four years of incarceration.  Rowe asked the court for "leniency" and not to impose the

remainder of his sentence.

The trial court told Rowe it had "empathy for [his] situation" and acknowledged his

mental health difficulties.  The court emphasized however, that Rowe had repeated violations of

Conditions 6 and 10.  The court revoked and reimposed the remaining five years and nine

---

[2] *Henderson v. Commonwealth*, 285 Va. 318 (2013); *Cox v. Commonwealth*, 65 Va. App. 506 (2015).

months of Rowe's suspended sentence, reasoning that probation was not working for him. In response, Rowe objected to the court finding him in violation "based on the [statements] that [were] asked to be excluded," and objected to the court's sentence.

Rowe filed a motion to set aside the verdict. Rowe argued that the evidence did not show that he failed to follow the probation officer's instructions because despite his failure to report on two occasions, he had contact with his probation officer on other occasions. Rowe also argued that the evidence did not show that the probation officer made "reasonable effort" to locate Rowe before concluding that Rowe absconded. The trial court denied Rowe's motion. This appeal followed.

ANALYSIS

I. Admissibility of hearsay in revocation proceedings

Determining the "'admissibility of evidence is within the discretion of the trial court,' and an appellate court will not reject such decision absent an 'abuse of discretion.'" *Williams v. Commonwealth*, 71 Va. App. 462, 487 (2020) (quoting *Tirado v. Commonwealth*, 296 Va. 15, 26 (2018)). "However, whether a defendant's due process rights are violated by the admission of evidence is a question of law, to which we apply a de novo standard of review." *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013) (quoting *Volkswagen of Am., Inc. v. Smit*, 279 Va. 327, 335 (2010)).

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). To determine whether an appellant has satisfied

Rule 5A:18, we look at "whether the trial court had the opportunity to rule intelligently on the issue." *Maxwell v. Commonwealth*, 287 Va. 258, 274 (2014) (quoting *Scialdone v. Commonwealth*, 279 Va. 422, 437 (2010)). An objection made at trial on one ground does not preserve for appeal a contention on a different ground. *Clark v. Commonwealth*, 30 Va. App. 406, 411 (1999).

On appeal, Rowe argues that "the trial court lacked good cause to deny [his] due process confrontation rights" and "erred by admitting the objectionable portions of the addendum." Rowe contends he "had no opportunity to cross-examine a witness with knowledge of the testimonial hearsay that was admitted against him." At his revocation hearing, however, Rowe never invoked his due process confrontation rights. Rowe only argued that the statements were "hearsay" and "objectionable" "based on *Henderson* and *Cox*." But the decisions in *Henderson* and *Cox v. Commonwealth*, 65 Va. App. 506 (2015), addressed hearsay objections that were accompanied by due process objections. *See Henderson*, 285 Va. at 322; *Cox*, 65 Va. App. at 512. Thus, simply referencing the cases without more was insufficient to give the trial court the opportunity to rule intelligently on the due process issue Rowe now asserts on appeal. *See Maxwell*, 287 Va. at 274. This is evidenced by the fact that the trial court made its ruling based on the "loose" rules of hearsay evidence in revocation proceedings. By failing to couple his hearsay objection with a due process objection, Rowe waived the claim that he now asserts on appeal. Although there are exceptions to Rule 5A:18, Rowe has not invoked them, and we do not do so sua sponte. *See Banks v. Commonwealth*, 67 Va. App. 273, 286 (2017).

"Hearsay is frequently admitted in revocation proceedings." *Henderson*, 285 Va. at 326. The trial court relied on the statements contained in the MVR addendum to demonstrate the probation officer's efforts to locate Rowe, not in finding that he violated a condition of his

probation. We thus find no abuse of discretion in the trial court's consideration of the addendum.

II. Sufficiency

"Subject to the provisions of § 19.2-306.2," the trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time . . . within the period of suspension fixed by the court." Code § 19.2-306(A). "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

Rowe argues that the trial court lacked reasonable cause to find that he violated Conditions 6, 10, and 11 of his probation. He contends his actions must have been "willful" to "reasonably support a violation of probation." He relies on *Abdo v. Commonwealth*, 64 Va. App. 468, 477 (2015), which defines willful as "an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely."

Considering the evidence in the light most favorable to the Commonwealth, the record demonstrates that Rowe violated Condition 6 when he failed to report to the probation office on three separate occasions. Even crediting Rowe's argument that one of his absences was excused due to exposure to Covid, the other two absences were unexplained. Further, having found that the court did not err in admitting the content of the MVR and its addendum, the trial court had reasonable cause to find that Rowe also violated Conditions 10 and 11. We disagree that the evidence did not show that Rowe changed residences. While there was no indication that Rowe

had a new address, the evidence showed at the very least that he had not resided at his listed address in over three weeks. Rowe was not authorized by his probation officer to live or sleep elsewhere. Additionally, the officer made reasonable efforts to locate Rowe. Based on the MVR, Rowe's physical whereabouts were last known on November 4, 2023, when Rowe committed himself to SOVAH for a mental health crisis. Although Rowe left a voicemail for the officer on November 16, 2023, his physical whereabouts were unknown and unverified. When Rowe failed to report to the probation office on November 27, 2023, his physical whereabouts had been unknown for 23 days. The probation officer checked the hospital where Rowe was last known to be, his listed address, and his workplace, and could not locate him. Rowe did not attempt to contact the probation officer during that time. At his revocation hearing, Rowe presented no evidence of his whereabouts or whether he was at a treatment center. Accordingly, the trial court did not abuse its discretion in finding Rowe in violation of Conditions 6, 10, and 11 of his probation.

III. Sentencing

"If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." *Alsberry*, 39 Va. App. at 320. "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs*, 61 Va. App. at 535 (quoting *Davis*, 12 Va. App. at 86).

Rowe argues that the "trial court imposed the most severe penalty available to it without giving proper weight to [his] mental health struggles, or his efforts to treat them." But the record

demonstrated that Rowe's adjustment to supervision was poor. When Rowe appeared before the trial court in 2023, he had four prior violations in four years. Rowe chose not to present evidence and presented mitigation by way of argument. "It is within the trial court's purview to weigh any mitigating factors presented by the defendant." *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992). Here, the record shows that the trial court acknowledged that Rowe struggled with his mental health, but ultimately determined that Rowe's repeated violations demonstrated that probation was not effective for him.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). Rowe's repeated disregard of the terms of his suspended sentences supports the trial court's finding that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Rowe failed to make productive use of the grace that had been extended to him when he violated probation five times over the course of five years.

To the extent that Rowe argues his sentence was "the most severe penalty," we note that this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a

cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)); c*f. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

The trial court had sufficient cause to revoke Rowe's probation and was within its discretion to reimpose the balance of Rowe's suspended time. *See Alsberry*, 39 Va. App. at 321-22. Despite the trial court's numerous efforts to allow Rowe the opportunity to avoid serving the previously imposed sentence for his 2016 offense, Rowe repeatedly failed to comply with the conditions of supervised probation. The trial court did not abuse its discretion in imposing the remainder of Rowe's suspended sentence.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*